MILLS, Judge.
Woodsmall appeals from a judgment of conviction and sentence based on a jury verdict finding him guilty of robbery. He contends that because he was subpoenaed to appear at the trial of an accomplice in a robbery, and was brought into the courtroom for identification during the trial he was immunized under Section 914.04, Florida Statutes. We do not agree.
Woodsmall and Kinsey, his accomplice, were charged with robbery. Kinsey was brought to trial first. The State subpoenaed Woodsmall to appear at the trial. During the trial, the State had him brought into the courtroom where a State’s witness identified him as a man she saw with Kinsey at a local lounge the evening before the robbery.
Woodsmall timely moved the court to-dismiss the charge against him because of transactional immunity under Section 914.-04, Florida Statutes. The motion was renewed immediately before the trial. Both motions were denied.
Woodsmall bases his contention on that part of Section 914.04, Florida Statutes, which provides that a person who, pursuant to a subpoena, produces evidence, documentary or otherwise, which may tend to convict him of a crime shall not be prosecuted for that transaction.
Woodsmall was neither compelled to testify nor to produce any document. Nor has he cited authority to support his position that compulsory attendance for the purpose of being identified at another’s trial is evidence tending to incriminate the individual.
“The mere fact that the defendant was under subpoena to appear is immaterial. Compulsory attendance is one thing and compulsory testimony is quite another. The compulsion required to bring into play the immunity provisions of the foregoing statute relates solely to compulsory testimony. . . .” State ex rel. Foster v. Hall, 230 So.2d 722 (Fla. App.2d, 1970).
*322 The purpose of the Fifth Amendment is to prevent the compelled production of testimonial communications that are incriminating. As stated in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966):
“. . . Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner’s testimony nor evidence relating to some communicative act or writing by the petitioner,- it was not inadmissible on privilege grounds.”
In fact, Rule 3.220(b) (1) (i), Florida Rules of Criminal Procedure, authorizes the court to order a defendant to appear in a lineup.
Even if we assume that the compulsory appearance of Woodsmall at Kinsey’s trial resulted in the production of evidence contemplated by Section 914.04, Florida Statutes, it did not incriminate Woodsmall. It merely incriminated Kinsey. Section 914.04, Florida Statutes, clearly states that the evidence must incriminate the person who is compelled to give the testimony or produce the evidence. Privilege was not intended to permit a person to plead that a third person might be incriminated by his testimony. Fisher v. United States, — U.S. —, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).
Although Woodsmall’s appearance and identification at Kinsey’s trial may have incriminated Kinsey, there is no showing that it incriminated him at the trial of this case.
The judgment and sentence are affirmed.
BOYER, C. J., and McCORD, J., concur.