OWEN, Judge.
In this original proceeding the relators, Jack Lurie and his son, Terry Lurie, seek writ of prohibition to restrain further proceedings in certain criminal cases pending against them in the Court of Record of Brevard County. The issue is whether F.S.1967, Section 932.29, F.S.A., entitles relators to immunity from prosecution of the charges pending against them.
One Arnold Rosenbaum had been charged and tried in the Court of Record of Brevard County on a two-count information, the first count charging possession of stolen property, to-wit: a 1966 Cadillac automobile, and the second count charging him with making a false statement on application for an automobile title certificate. A mistrial was declared and a new trial date set. Prior to the new trial date, the Assistant County Solicitor of Brevard County caused witness subpoenas to be served upon Jack Lurie and Terry Lurie requiring their appearance before the assistant county solicitor in his office to be questioned under oath.
Each of the relators appeared pursuant to the subpoena and each was placed under oath and interrogated. The certified transcript of the testimony appearing in the record contains a caption to the effect that the statements were taken in the investigation of the case pending against Arnold Rosenbaum. Otherwise, there is nothing to show at any time before or during their interrogation that either of the relators was given any explanation by the assistant county solicitor as to the nature, purpose or scope of the subject matter of the investigation. The interrogation of each of the relators included not only matters which were relevant to the charges then pending against Rosenbaum, but also matters which were clearly relevant to the subject matter of larceny, i. e., the operation of a stolen car ring in Brevard County. The inquiry also covered in some detail other activities of Rosenbaum and particularly the relators’ acquisition of two automobiles from Rosenbaum.
Nearly one year thereafter, the County Solicitor of Brevard County filed an information against Jack Lurie charging him with receiving a certain stolen automobile from Rosenbaum and with aiding Rosen-baum in the concealment of stolen property, contrary to F.S.1967, Section 811.16, F.S.A. A similar information, but involving a different automobile, was filed against Jack Lurie and Terry Lurie, jointly. Each of the relators claimed immunity under F.S.1967, Section 932.29, F.S.A., and sought to have the informations dismissed on that basis. Upon denial of their respective motions, relators filed in this court their suggestion for writ of prohibition.
The law is well settled that the immunity statute (F.S. Section 932.29, F.S.A.) applies to protect a witness who is required to testify in an investigation, proceeding or trial only when the subject matter of such investigation, proceeding or trial is one or more of the five categories of crimes specifically enumerated in the statute. State ex rel. Mitchell v. Kelly, Fla. 1954, 71 So.2d 887. The cited case also held that once the statute becomes applicable, the immunity effected is not confined to immunity for the crimes specifically enumerated therein but extends to any transaction, matter or thing concerning which the witness may so testify or produce evidence, when the same is responsive to questions which are relevant to such subject matter and the testimony so given in such inquiry constitutes a link in the chain of evidence needed to prosecute such witness for the offense charged. Our inquiry in this case is limited to a determination of whether the subject matter of the *827 investigation was such as to make the statute applicable in the first instance, because if so, the record clearly discloses that the testimony given by each of the relators meets the second part of the test set forth in State ex rel. Mitchell v. Kelly, supra.
There is judicial precedent for determining the subject matter of the inquiry or investigation from the nature and scope of the interrogation actually conducted rather than determining it from that which is initially stated to the witness. See Brizzie v. State, Fla.App.1960, 120 So.2d 27. In the instant case the assistant county solicitor stated, when called as a witness during a hearing on relators’ motion to dismiss, that the sole purpose of taking the statements was to attempt to locate witnesses who had personal dealings with Arnold Rosenbaum in connection with stolen cars, and to find more witnesses to present at the second trial of Rosenbaum. We do not consider that this postinquisi-torial label necessarily is determinative of the true subject matter of the inquiry or investigation. We have therefore examined the record and particularly the testimony given by relators while appearing before the assistant county solicitor under witness subpoena. Such examination satisfies us that the subject matter of the inquiry or investigation was larceny, one of the five enumerated crimes under the immunity statute. Such being the case, relators were immune from the present prosecution.
Our decision in this case turns on our finding from the record that the subject matter of the investigation was larceny, and not merely receiving stolen property. We point this out lest our decision be interpreted as implying, if not holding, that the crime of receiving stolen property is included within the category of larceny as the same is used in the immunity statute. Such a holding would conflict with Brizzie v. State, supra, a conflict which we desire to avoid in this case. In deference to our learned colleague who dissents we recognize that the “subject matter” of the county solicitor’s interrogation of relators is in a penumbral area and not so sharply defined as to leave no room for disagreement.
The rule nisi is made absolute and the writ will issue by separate order if it is necessary.
WALDEN, J., concurs.
DOWNEY, JAMES C., Associate Judge, dissents with opinion.