230 So.2d 722 (1970)
STATE of Florida ex rel. R.D. FOSTER, Relator,
v.
Honorable W. Troy HALL, Jr., As Judge of the Circuit Court for the Fifth Judicial Circuit of the State of Florida in and for Lake County, Florida, Respondent.
No. 69-591.
District Court of Appeal of Florida. Second District.
January 21, 1970.
W.H. Carmine, Jr., Lakeland, for relator.
Earl Faircloth, Atty. Gen., Tallahassee, and Morton J. Hanlon, Asst. Atty. Gen., Lakeland, for respondent.
McNULTY, Judge.
The relator suggests prohibition to prevent the trial court from proceeding in a prosecution against him for violation of one of the offenses outlined under § 932.29, Florida Statutes, F.S.A. During the course of an investigation of the offense involved the state attorney subpoenaed and interrogated the relator and subsequently caused criminal charges to be brought against him. We ordered issuance of the rule because it initially appeared that the relator's point was well taken. It now appears that the rule should be discharged for the reason that the full record reveals no semblance of the essential element of compulsion which is required to afford immunity under the aforesaid § 932.29[1].
The gravamen of the statute is to provide an investigatory weapon to law enforcement which they are not obligated to utilize. In this case, the prosecution chose not to use it and fully informed the defendant of his right to silence and that anything he said could be used against him. *723 Further, the situation was not one involving in-custody interrogation governed by Miranda v. Arizona,[2] and the defendant's submission to interrogation appears to have been otherwise voluntary.
The mere fact that the defendant was under subpoena to appear is immaterial. Compulsory attendance is one thing and compulsory testimony is quite another. The compulsion required to bring into play the immunity provisions of the foregoing statute relates solely to compulsory testimony.[3] As pointed out above, it is totally lacking in the record of this case.
Rule discharged and suggestion dismissed.
LILES, A.C.J., concurs.
PIERCE, J., dissents.
NOTES
[1] State ex rel. Raines v. Grayson (Fla. 1951), 55 So.2d 554; McKown v. State (Fla. 1951), 54 So.2d 54; and State ex rel. Johnson v. MacMillan (Fla.App.2d 1967), 194 So.2d 627.
[2] (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
[3] See cases in n. 1, supra.