281 So.2d 551 (1973)
William Hardy DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-172.
District Court of Appeal of Florida, Third District.
July 3, 1973.
Rehearing Denied September 12, 1973.
William John Mason, Miami, for appellant.
*552 Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Leatherby Insurance Company, a foreign corporation, entered into a written agreement with Statewide Underwriters, Inc., a Florida corporation of which the appellant William Hardy Davis was president. Thereunder the latter corporation, acting as agent for the former, was to solicit the sale of insurance policies, collect the premiums thereon and place them in a trust account to be remitted to the insurance company which would then compensate the Florida corporation for its expenses and commissions thereon.[1]
By an information the appellant and another person were charged with grand larceny, the information alleging that between certain dates they did "unlawfully and feloneously take, steal and carry away certain personal property, to-wit: CASH in the sum of approximately One Hundred Thousand Dollars ($100,000.00), good and lawful money of the United States of America, property of another, to-wit: Leatherby Insurance Co., of New York, a corporation," etc.
On trial before a jury Davis was found guilty. He was so adjudged, and was sentenced to five years imprisonment. This appeal followed.
Five points presented in the brief of the appellant have been considered in the light of the record, briefs and argument, and we hold that no reversible error has been shown.
A requirement for production of records of the agent corporation, of which the appellant was president, did not constitute a violation of the appellant's privilege against self-incrimination. State ex rel. Losey v. Willard, Fla. 1951, 54 So.2d 183; 79 C.J.S. Searches and Seizures § 37. Denial of defendant's motion for continuance was within the sound judicial discretion of the court. No abuse of discretion in that regard was shown. No error was committed by receiving in evidence photographs and microfilm copies of business records of the agent corporation. §§ 92.32 and 92.29 Fla. Stat., F.S.A. On the evidence submitted, the trial court did not commit error in denying the defendant's motion for directed verdict. The defendant's motion for mistrial for remarks made by the prosecutor before the jury claimed to be prejudicial, was properly denied by the trial court. The motion was not preceded by objection thereto and request of the court to instruct the jury to disregard the same. See Morris v. State, 100 Fla. 850, 130 So. 582; Ricks v. State, Fla.App. 1971, 242 So.2d 763. No fundamental error resulted therefrom. Refusal by the court to give a certain charge requested by the defendant did not constitute error herein. The appellant's contention that prosecution for the alleged offense would not lie because of the existence of a civil remedy of the said insurance company, is without merit. See Manufacturers' Casualty Ins. Co. v. Mink, 129 N.J.L. 575, 30 A.2d 510, 512.
The judgment is affirmed.
NOTES
[1] With reference to the premiums to be collected by the agent corporation the agreement provided the agent with "power and authority" to "collect, receive, and receipt for premiums on insurance written through the Manager [Statewide Underwriters, Inc.], it being agreed that all premiums due the Company shall be and are hereby deemed Trust Funds."

And further, among statement of duties to be performed by the agent corporation, was to "Collect all initial and renewal premiums from applicants and policyholders, billing for same as may be required, deposit same in a premium trust account, and make remittance therefrom to the Company as hereinafter specified."