334 So.2d 829 (1976)
The STATE of Florida, Appellant,
v.
Dennis DEEMS, Appellee.
No. 75-437.
District Court of Appeal of Florida, Third District.
March 17, 1976.
*830 Richard E. Gerstein, State's Atty., and Harold Ungerleider, Asst. State's Atty., for appellant.
Joel Hirschhorn and Yale T. Freeman, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This is an appeal by the State of Florida from an order of the trial court granting defendant Deems' motion to dismiss the information charging him with conspiracy to commit a felony, grand larceny. The order under appeal also granted defendant's motion to suppress certain corporate records produced by defendant in the State Attorney's office in compliance with a subpoena duces tecum.
The basis of the trial court's ruling in dismissing the information was that the subpoena duces tecum was addressed to and served personally on Deems, not in any corporate capacity, but as an individual and having so complied with the subpoena, he was immunized from prosecution under § 914.04, Fla. Stat., which provides:
"No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary *831 or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding."
Section 914.04, Fla. Stat., is designed to assure an individual's constitutional privilege against self incrimination where such individual is subpoenaed or compelled to produced his own personal records. State ex rel. Byer v. Willard, Fla. 1951, 54 So.2d 179. However, a requirement for production of records of the corporation of which Deems was president would not violate Deems' privilege against self incrimination and would not prevent prosecution under the statute. Davis v. State, Fla.App. 1973, 281 So.2d 551; 79 C.J.S. Searches and Seizures § 37.
The subpoena duces tecum served on Deems in part provided:
 "IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, IN
 AND FOR DADE COUNTY
 CASE NO. ____________ WITNESS SUBPOENA
 "Criminal"
 STATE OF FLORIDA, ss. TO: DENNIS DEEM, [sic] President
 vs. Mini-Diner Inc.
 INVESTIGATION 20785 Northwest Miami Court
 Miami, Florida or
 c/o Mt. Sinai Hospital
 4300 Alton Road
 Miami Beach, Florida
 (Defendants) (Witnesses)
 SEE ATTACHED SHEET
TO ALL AND SINGULAR THE SHERIFFS OF THE STATE OF FLORIDA:
GREETINGS
 We command you to summon the above witness to be and appear before the
State Attorney, of the Eleventh Judicial Circuit of Florida, on the Sixth
Floor, Metropolitan Dade County Justice Building, 1351 N.W. 12th Avenue,
Miami, Florida, on Friday, May 31st, 1974, at 2:30 P.M., to testify and
the truth to speak in behalf of the STATE in a certain matter before said
State Attorney pending and undetermined.
 * * * * * * * * * * * *
ATTACHED SHEET:
PLEASE BRING THE FOLLOWING:
ALL BOOKS and RECORDS of the MINI-DINER, INC. from March 1, 1972, through
February 28, 1973, including ALL LEDGERS, CHECK BOOKS, CANCELLED CHECKS,
BANK STATEMENTS, INVOICES, BILLS, CORRESPONDENCE, REPORTS AND AUDITS.
and
any REPORTS, CORRESPONDENCE, BILLS, or INVOICES relating to the purchase,
delivery or obtaining of food products for the MINI-DINER to or from MT.
SINAI HOSPITAL."
*832 From a reading of the subpoena duces tecum it is not clear whether it is directed to Deems individually or as the custodian of the records of the corporation of which he was president. The subpoena does not reflect the nature of the matter pending before the trial court for which the records are required and further it required him to bring all books and records of Mini-Diner, Inc., and
"any REPORTS, CORRESPONDENCE, BILLS, or INVOICES relating to the purchase, delivery or obtaining of food products for the MINI-DINER to or from MT. SINAI HOSPITAL."
The trial court found that Deems did bring the records to the office of the State Attorney without waiving immunity. The court further found that if the State intended to obtain only corporate documents, as it claims, by subpoena for use in a trial against the corporation and Deems, then the State should have made that intention clear by unambiguous language of the subpoena duces tecum. We agree and affirm.
Affirmed.
CHARLES CARROLL (Ret.), Associate Judge (dissenting).
I respectfully dissent from this court's affirmance of the order which dismissed Deems from the prosecution against him and Mini-Diner, Inc. and Leuchman, and which granted Deems' motion to suppress, as to him, evidence presented in response to the subpoena duces tecum.
In my opinion the records which the subpoena directed the president to produce were records of the corporation. As stated in Davis v. State, Fla.App. 1973, 281 So.2d 551, 552, "A [request] for production of records of the agent corporation, of which the appellant was president, did not constitute a violation of the appellant's [president's] privilege against self-incrimination."
The subpoena duces tecum was issued in and made returnable in May of 1974. Thereafter, and prior to the hearing on Deems' motion to dismiss and to suppress, the information was filed against the corporation, Deems and Leuchman, on November 22, 1974. In one count the information charged the defendants with conspiring, and stealing certain foodstuffs from Mt. Sinai Hospital in the furtherance thereof. In a second count the defendants were charged with stealing certain foodstuffs of a value in excess of $200.00, from the hospital.
The manner in which to obtain records of a corporation by subpoena duces tecum is to issue the subpoena to an officer or agent of the corporation with direction that he produce the records. That was done in this instance.
The appellee appears to agree that the first five lines of the directions in the subpoena for production of records had reference to records of the corporation. Appellee argues, however, that the order appealed from should be affirmed on the theory that the last four lines of the directions to produce, which dealt specifically with the records "relating to the purchase, delivery, or obtaining of food products for the Mini-Diner to or from Mt. Sinai Hospital", did not call for production of records of the corporation of its said transactions with the hospital, but directed the production of Deems' individual records as to his personal sales and deliveries of foodstuffs to the hospital. In my view that is a strained construction unwarranted by the language of the subpoena.
The subpoena called for the production of two types of records of the corporation, that is, its general records and those specifically relating to the transactions of "Mini-Diner" with the hospital relating to sale and delivery of foodstuffs. In that situation, the president to whom the subpoena duces tecum was directed and who responded by producing the corporate records *833 called for in the subpoena was not thereby immunized from said prosecution, by § 914.04 Fla. Stat., F.S.A. Davis v. State, supra. The order appealed from should be reversed.