334 So.2d 26 (1976)
Robin M. OROSZ, a/K/a Charles Gibson, Appellant,
v.
STATE of Florida, Appellee.
No. Y-193.
District Court of Appeal of Florida, First District.
June 23, 1976.
*27 L. Haldane Taylor, of Taylor & Brecher, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
The justiciable point on appeal posed by appellant-defendant Orosz is that the trial court erred in denying appellant's motion to dismiss based upon the theory that the state, in subpoenaing and questioning appellant about incriminating transactions alleged in the instant case, granted to him transactional immunity.
On August 27, 1974, one Jackie Boyd Swain was charged with possession of a firearm by a convicted felon.[1] The firearm involved in Swain's case was found by a police officer on August 18, 1974, in a car driven by Swain and in which car Orosz, a passenger, was sleeping in the back seat. Swain's counsel listed Orosz as a defense witness in his firearm case. On October 2, 1974, an assistant state attorney deposed Orosz in his investigation of Swain's firearm case. Orosz was represented by an assistant public defender in the deposition proceedings. In answer to questions concerning the firearm charge lodged against Swain, Orosz testified that he, Swain and one Bradley had been together on August 15, 1974; that Swain did not own a gun, but that same was owned by Bradley; and that he had known Swain since June, 1974. Orosz and Swain were, by amended grand jury indictment returned on January 24, 1975, charged with committing armed robbery on August 15, 1974. Orosz then filed a motion to dismiss, alleging that incriminating evidence was elicited from him by the state while he was under prosecutorial subpoena which entitled him to immunity pursuant to the provisions of Florida Statute 914.04.[2] The *28 gist of Orosz's contention is that he was entitled to transactional immunity.[3]
The trial court was correct in denying the subject motion to dismiss for two reasons: 1) the testimony elicited from Orosz pursuant to the state's subpoena related primarily to the firearm charge lodged against Swain, and 2) the subject subpoena did not compel Orosz to testify; it compelled his attendance.
The transcript of Orosz's deposition discloses that the state's initial questions related to his and Swain's activities on the night of August 18, 1974. According to Orosz, he was asleep and drunk when an officer stopped their vehicle for a traffic violation. Upon this occasion the firearm was discovered, resulting in a charge being lodged against Swain. It was at this point in his deposition that Orosz volunteered information as to their activities on August 15, 1974, when he related that the gun really belonged to Bradley and that he put it into the glove compartment after Swain urged that "he didn't want anything to do with it." Clearly, the state was pursuing its right of discovery from Orosz in preparing for trial on Swain's firearm charge. Orosz's and Swain's activities as to the instant conviction were not inquired into. Florida's enlightened discovery proceedings[4] in a criminal case is a two-way street. The state having been furnished Orosz's name as a witness for Swain on the firearm charge, in preparing for that trial, was performing its responsibility in finding out what testimony this key defense witness would proffer. We emphasize that this interrogation was not one governed by the Miranda doctrine for Orosz was not a suspect or target at the time of interrogation.
Secondly, Florida Statute 914.04 is not self-operating. As stated in State ex rel Foster v. Hall, 230 So.2d 722 (Fla. App.2nd 1970): "Compulsory attendance is one thing and compulsory testimony is quite another." Orosz was accompanied by his public defender lawyer at the deposition proceedings. Not one time did Orosz or his lawyer raise any question of self-incrimination. As stated by Mr. Justice Powell, speaking for the U.S. Supreme Court in Garner v. United States, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370. Opinion filed March 23, 1976, viz:
"We start from the fundamental proposition that
`a witness protected by the privilege may rightfully refuse to answer unless and until he is protected at least against the use of his compelled answers and evidence derived therefrom in any subsequent criminal case in which he is a defendant. Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Absent such protection, if he is nevertheless compelled to answer, his answers are inadmissible against him in a later criminal prosecution. Bram v. United States, [168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897)]; Boyd v. United States, [116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886)].' Lefkowitz v. Turley, 414 U.S. 70, 78, 94 S.Ct. 316, 322, 38 L.Ed.2d 274, 282 (1973)."
Since Orosz did not object, the state could well assume that its compulsory process was not resulting in eliciting testimony that Orosz deemed to be incriminating.
Other points asserted by Orosz have been reviewed and found to be without merit.
AFFIRMED.
BOYER, C.J., and MILLS, J., concur.
NOTES
[1] Orosz and Swain were also charged with robbery in an unrelated case. Orosz was incarcerated upon that charge at the time he was deposed on October 2, 1974.
[2] Florida Statute 914.04 states: "Witnesses; person not excused from testifying in certain prosecutions on ground testimony might incriminate him; immunity from prosecution.  No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding."
[3] Orosz's deposition was not proffered by the state in the instant cause.
[4] Compare Florida's rules with the Federal Rules which are most restrictive.