343 So.2d 892 (1977)
STATE of Florida, Appellant,
v.
Ralph Edward POWELL and Mary Powell, Appellees.
No. BB-66.
District Court of Appeal of Florida, First District.
February 25, 1977.
As Corrected March 1, 1977.
*893 Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., Virlyn B. Willis, Jr., Asst. State Atty., for appellant.
William Randall Slaughter, Live Oak, for appellees.
McCORD, Judge.
Appellees were charged by information with criminal usury, loansharking, and shylocking in violation of 687.071, Fla. Stat. 1973, and with conspiracy to commit a felony, to wit: loansharking or shylocking. They moved to dismiss the criminal charges on the ground that they are immune from prosecution under § 687.071(6), Fla. Stat. 1973. The trial court granted the motion, dismissed the charges, and discharged the defendants. The state appeals, contending that the statute does not give appellees immunity from this prosecution. We agree and reverse.
Appellees' claim of immunity arises from their testimony taken on deposition by the defendant in a criminal prosecution for bribery against a third party. In response to the defendant's demand for discovery in the bribery case, appellees' names were furnished to defense counsel by the state as persons having information relative to the offense. They, along with one Alberta York, the principal state witness in the bribery case, were subpoenaed by the defense in the bribery case for their depositions. Testimony was then elicited by defense counsel from Alberta York which indicated that she had borrowed $500 from appellee Ralph Edward Powell and shortly thereafter had repaid to appellee Mary Powell the sum of $625 for the $500 loan. (The $500 sum borrowed from appellees appears to be the money allegedly used in the bribery.) Immediately following the deposition of Alberta York, defense counsel deposed appellee Ralph Powell who was not represented by counsel. He testified, in response to defense counsel's questions, that he had loaned Alberta York $500; that the loan was repaid within one month; that he was paid $625 by Mrs. York, the addition $125 having been for interest and storage. The assistant state attorney then questioned appellee Ralph Powell after advising him of his rights and after Powell had indicated a willingness to answer the questions to be propounded by the state. Appellee then gave the same testimony he had given in answer to defense counsel's questions. Thereafter, defense counsel deposed appellee Mary Powell, who likewise was not represented by counsel. She testified that she and her husband loaned Alberta York $500; that they were repaid $625; and that $125 was interest. Appellee Mary Powell was not questioned by the state, although the assistant state attorney was present.
Neither of the appellees was called as a witness on behalf of the state in the bribery trial. Ralph Powell was called and testified on behalf of the defendant, and defense counsel introduced into evidence a page from appellees' ledger reflecting the transaction with Alberta York.
§ 687.071(6), Fla. Stat. 1973, under which appellees claim immunity from prosecution in this case, provides as follows:
"(6) No person shall be excused from attending and testifying or producing any books, paper, or other document before any court upon any investigation, proceeding, or trial, for any violation of this section upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or subject *894 him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding." (Emphasis supplied.)
The foregoing statute relates only to immunity arising out of an investigation, proceeding or trial under § 687.071, Fla. Stat. 1973, the section dealing with criminal usury, loansharking, or shylocking. The depositions of appellees were taken in relation to the charge of bribery against a third person and not in relation to criminal usury, loansharking or shylocking. Thus, the foregoing statute is not applicable. In their briefs and oral argument, however, both the state and appellees have argued the applicability of § 914.04, Fla. Stat. 1973, the general immunity statute. It is substantially the same as the specific immunity statute set forth in § 687.071(6). § 914.04 provides as follows:
"Witness; person not excused from testifying in certain prosecutions on ground testimony might incriminate him; immunity from prosecution.  No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding."
The immunity granted by the foregoing statute is, by its terms, limited to testimony "before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state." Defense depositions taken under Fla.R.Crim.P. 3.220(d) are not an investigation or proceeding before the court, the grand jury, or the state attorney, though the state attorney may and probably will be present as the rule requires that he be given notice of their being taken. This, however, does not render them a proceeding or investigation before the state attorney. His presence is voluntary. Thus, if a witness appears for a defense deposition in relation to a criminal case and answers incriminating questions asked by defense counsel, he acquires no immunity therefrom just as he would acquire no immunity from criminal prosecution if he answered incriminating questions when subpoenaed to testify in a civil trial or on depositions taken for a civil trial.
In State v. Schell, 222 So.2d 757 (Fla. 2d DCA 1969), the Court of Appeal, Second District, said that the purpose of the immunity statute is to aid the state in prosecution of crimes  to allow the state to elect to immunize one offender from prosecution in order to secure the conviction of another. It was not designed to put immunization from prosecution in the hands of persons other than the state as would be the case if we adopted appellant's argument.
Our ruling is not to be construed, however, to permit the state to elicit incriminating statements from a witness on cross-examination in a defense deposition without bringing into operation the immunity provisions of the statute. In such a situation, the state's cross-examination would convert the taking by the defendant of the witness' deposition into an investigation proceeding before the state attorney which is covered by the immunity statute. But in the case sub judice, the assistant *895 state attorney only cross-examined appellee Ralph Powell and he did so only after advising him of his rights and after Powell had indicated a willingness to answer his questions. Such constituted a waiver of immunity by Powell. See State v. Newell, 102 So.2d 613 (Fla. 1958), and State ex rel. Foster v. Hall, 230 So.2d 722 (Fla. 2 DCA 1970).
Reversed.
BOYER, C.J., and MILLS, J., concur.