LETTS, Judge.
The facts of this case reveal that a co-defendant, (Brownlee), entered a negotiated plea relevant to a robbery, just prior to going to trial, but adjudication and sentencing were withheld. Later that same afternoon, he (Brownlee) was subpoenaed by the State to testify at a deposition pursuant to the Florida Immunity Statute which provides:
914.04 Witnesses; person not excused from testifying in certain prosecutions on ground testimony might incriminate him; immunity from prosecution. — No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding. Florida Statute 914.04 (1975).
During the course of the deposition, the said Brownlee gave testimony to the effect that the appellant was not one of the co-robbers, so not surprisingly, the defense counsel for the appellant subpoenaed Brownlee to testify at the trial; however, counsel for Brownlee interposed the privilege against self incrimination and the court ruled that Brownlee did not have to testify, and he did not do so. The appellant was convicted [1] and now enters this appeal.
The State and Brownlee’s counsel argue that Brownlee was only the subject of a defense subpoena for the trial and that the defense cannot confer immunity, and only the prosecution can do so. State v. Schell, 222 So.2d 757 (Fla.2nd DCA 1969). They further argue that the judge had not yet adjudicated Brownlee guilty and any testimony he gave could have been used against him should his negotiated plea be rejected by the court.
We cannot agree with either of these contentions because Brownlee had in fact been subpoenaed by the State under the Immunity Statute for the deposition prior to trial. Said statute, quoted first above, would appear to give Brownlee transactional as well as use immunity as to the robbery then before the court. State ex rel. Hough v. Popper, 287 So.2d 282 (Fla.1973); and State v. Kelly, 71 So.2d 887 (Fla.1954). The statute clearly sets forth that any person subpoenaed to testify before the State’s Attorney upon investigation or proceeding shall receive the immunity. Accordingly, there can be no question but that this immunity attached in the case now before us because the State did issue a subpoena.
The judgment of guilt is hereby reversed and the cause remanded to the circuit court for a new trial.
DAUKSCH, J., and ALAN R. SCHWARTZ, Associate Judge, concur.

. He was convicted of robbery, conspiracy to commit a felony, to wit: robbery; larceny of a firearm and carrying a concealed firearm during the commission of a felony.