349 So.2d 802 (1977)
STATE of Florida, Appellant,
v.
Erwin PERKINS, Appellee.
No. 76-1678.
District Court of Appeal of Florida, Second District.
September 9, 1977.
*803 Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Erwin Perkins, pro se.
OTT, Judge.
Appellee's motion to dismiss the charges against him was granted. The State of Florida appeals the order granting the motion.
The facts giving rise to this appeal are as follows.
Pursuant to an investigation being conducted by the State Attorney's office, a subpoena duces tecum was issued to appellee, directing him to produce "all original checks, bank statements and any other documents pertaining to the business affairs of Perkins Pipe & Steel Supply, Inc. for the period between August 1, 1973 through December 1, 1974." The subpoena specified that the records were to be turned over on December 18, 1974, but at a discussion between appellee's attorney and an assistant state attorney held shortly after December 16, 1974, it was agreed that the records would be turned over at a future date. The records were given to the State Attorney's office on January 13, 1975.
On May 12, 1975, appellee was charged by information with two counts of buying, receiving or aiding in the concealment of stolen property. His first trial ended in a mistrial. Sometime subsequent to the conclusion of his first trial, appellee discharged his attorney and has since acted as his own counsel.
On April 22, 1976, appellee filed his pro se motion to dismiss. The trial court granted the motion, finding that the issuance of the subpoena duces tecum constituted a grant of total immunity to appellee. We disagree and reverse.
The immunity statute, Section 914.04, Florida Statutes (1975)[1] is not self-executing upon the mere issuance of a subpoena or unprotesting compliance therewith. The issuance of a subpoena compels only the witness' attendance (with the required documents in the case of a subpoena duces tecum). If the witness asserts his fifth amendment privilege upon being interrogated or requested to surrender the subpoenaed documents, the State may relieve him of providing incriminating evidence in compliance with the subpoena, see State ex rel. Foster v. Hall, 230 So.2d 722 (Fla.2d DCA 1970), cited and quoted with approval in Tsavaris v. Scruggs, No. 48,637 (Fla. March 17, 1977), or may require him to testify or turn over the subpoenaed documents, in which event the witness will have immunity pursuant to Section 914.04, Florida Statutes (1975).
In order to invoke the immunity provided by the statute, the witness must assert his privilege against self-incrimination.[2] If he is nevertheless compelled to *804 provide incriminating evidence, his answers may not be used against him in a later criminal prosecution.[3] However, if he fails to assert his privilege, his failure to object may justifiably lead the state to assume that its compulsory process did not result in eliciting evidence that the witness deemed incriminating, and he should not be allowed to claim immunity after the fact. Orosz v. State, 334 So.2d 26 (Fla.1st DCA 1976).
At no time during the investigatory proceedings here did either appellee or his counsel raise an objection on the ground of self-incrimination. Having failed to assert his fifth amendment privilege against self-incrimination, he may not now claim immunity from prosecution or use of the subpoenaed documents against him on the sole basis that he turned over the requested documents.
The trial court below relied on State v. Deems, 334 So.2d 829 (Fla.3d DCA 1976) in granting appellee's motion to dismiss. Deems, however, dealt solely with the question of whether the subpoena directed to the defendant in that case unambiguously called for the production of corporate documents rather than personal records, an issue we deem unnecessary to decide in view of our disposition of this case.
Reversed and remanded for further proceedings not inconsistent with this opinion.
McNULTY, Acting C.J., concurs.
SCHOONOVER, JACK R., Associate Judge, dissents.
NOTES
[1] Section 914.04, Florida Statutes (1975) provides:

"No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding."
[2] We do not deal here with the issue of whether the investigation had focused upon the appellee at the time the records were produced, and if so, whether Miranda warnings were or should have been given. For a discussion of that issue, see State v. Newsome, 349 So.2d 771 (Fla.2d DCA, 1977).
[3] And only the individual actually producing evidence or testifying in compliance with a subpoena is entitled to immunity under the statute, Tsavaris v. Scruggs, supra.