PER CURIAM.
Appellant, the State of Florida, appeals from an order of the trial court dismissing an information filed by the state against appellee, defendant below.
One Felton Green, charged by information with, inter alia armed robbery, supplied the state with the name of appellee as a possible alibi witness, pursuant to Fla.R. Crim.P. 3.200. The state thereupon subpoenaed and deposed appellee concerning the Green alibi. At the time of the deposition, appellee was not a suspect and was only questioned as to the whereabouts of Green on the date of the alleged robbery.
Some time after appellee’s deposition had been taken, the Assistant State Attorney checked into Green’s past and discovered that in a prior case in which Green was charged with robbery, the defense had likewise relied upon the defense of alibi utilizing appellee as an alibi witness. This coincidence raised certain suspicions about ap-pellee and his photograph was subsequently shown to the victim of the robbery in the Green case. The victim identified appellee as the other man who robbed him, along with Green.
*898 On November 17, 1976, an information was filed charging appellee with armed robbery. Appellee moved to dismiss the information claiming transactional immunity pursuant to Section 914.04, Florida Statute (1975). The trial court found that appellee was entitled to transactional immunity and dismissed the information. This appeal follows.
While a number of issues are raised on appeal, we need only consider one, to-wit: whether the trial court erred in granting appellee’s motion to dismiss the information based upon transactional immunity under Section 914.04, Florida Statutes (1975). We hold that it did so err, and reverse.
In order for a witness’ testimony to result in transactional immunity, the witness must be compelled to testify. State v. Newsome, 349 So.2d 771 (Fla. 2d DCA 1977). Sub judlce, the record reveals that appellee voluntarily and without objection testified as to the whereabouts of Green on the night in question. While the subpoena compelled appellee’s presence at the offices of the State Attorney, it did not compel his testimony. Orosz v. State, 334 So.2d 26 (Fla. 1st DCA 1976).
Even assuming that appellee’s mere compulsory appearance was sufficient to meet the compulsion requirement of Section 914.-04, appellee would still not be entitled to transactional immunity in that the testimony he gave at his deposition was not incriminating and in no way constituted a link in the chain of evidence needed to prosecute appellee for the offense for which he was subsequently charged. State ex rel. Mitchell v. Kelly, 71 So.2d 887 (Fla.1954); see also Woodsmall v. State, 334 So.2d 320 (Fla. 1st DCA 1976).
Accordingly, the order appealed from is reversed and remanded for further proceedings.
Reversed and remanded.
PEARSON, J., dissents.