SMITH, Acting Chief Judge.
Petition for writ of prohibition. Relator Melanson, a medical doctor, was arrested at his office on a charge of unlawful delivery of a controlled substance by written order, not issued in good faith, in the course of his professional practice. At the time of his arrest, Melanson was served with a subpoena duces tecum commanding him to appear “instanter” before a state attorney and bring all medical records in his possession relating to a certain individual. The deputy sheriff who served the subpoena explained that the subpoena required Melanson to produce the records immediately or “you *1192 will be found in contempt of court.” Me-lanson surrendered the records to the deputy, as requested, without asserting his privilege against self-incrimination secured by both the Fifth Amendment to the United States Constitution and Article I, Section IX of the Florida Constitution.
Melanson filed a motion to dismiss in the circuit court on grounds that when he complied with the subpoena duces tecum he gained immunity from prosecution under Section 914.04, Florida Statutes (1977). The circuit court denied the motion. Me-lanson now asks that we prohibit the circuit court from prosecuting him further on the charge because the court erroneously denied his motion to dismiss and thus is acting in excess of its jurisdiction. We issued our order to show cause and the Attorney General has responded. We hold that Melanson is not entitled to immunity under the statute.
Section 914.04 provides:
No person, having been duly served with a subpoena or subpoena duces te-cum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.
The purpose of Section 914.04 is to aid criminal prosecutions by allowing the state to elect to immunize one offender to secure the offender’s self-incriminating testimony for use in prosecuting another. Tsavaris v. Scruggs, 360 So.2d 745 (Fla.1977); State v. Powell, 343 So.2d 892 (Fla. 1st DCA 1977); State ex rel. Foster v. Hall, 230 So.2d 722 (Fla. 2d DCA 1970). The statute is not intended to confer immunity where the state does not choose to employ it. Thus, the mere issuance of a subpoena does not confer immunity, Tsavaris v. Scruggs, supra at 749. Nor is the state required to foresee that its compulsory process will result in eliciting testimony the witness deems incriminating. State v. Perkins, 349 So.2d 802 (Fla. 2d DCA 1977); Orosz v. State, 334 So.2d 26 (Fla. 1st DCA 1976). The witness must assert his privilege against self-incrimination, upon being interrogated or ordered to surrender documents, thus presenting the state with a choice of conferring immunity and compelling the witness to testify, or relieving the witness of providing incriminating evidence. State v. Perkins, supra.
In this case, Melanson had been placed under arrest and given Miranda warnings immediately before he was served with the subpoena duces tecum. We do not doubt that the state was acutely aware of the incriminating nature of the records Melan-son was ordered to produce. Clearly the state hoped that Melanson would comply with the subpoena before he reflected on his right against self-incrimination or could confer at any length with his counsel. We hold, however, that the state’s coercive purpose did not relieve Melanson of the requirement that he assert his privilege against self-incrimination and receive a grant of immunity from the state. Where the subpoena is used, as it was here, to coerce an arrestee into producing incriminating evidence, it is as if Melanson had been interrogated at the jail and had there been coerced into giving incriminating testimony. Such conduct by the state does not automatically confer immunity, as the trial judge correctly noted in his order denying the motion to dismiss the prosecution:
The procedure utilized by the State in this case, the use of an Instanter Subpoena duces tecum to obtain the records . , appears to this Court to be a highly irregular procedure. *1193 However no motion to suppress was filed in the ease at bar and the Court leaves open and does not decide any questions regarding the admissibility of such documents in evidence.
The state also argues that Melanson had no privilege to refuse to produce the records, no matter how incriminating, because the state had a written authorization from Melanson’s patient, actually an undercover policeman, to receive those records pursuant to Section 458.16, Florida Statutes (1977).[1] That statute does not have the effect contended for it by the state. It was enacted to provide a convenient means for the release of medical information out of court, and to protect physicians from patients’ claims of personal privacy or privileged communications. See Morrison v. Malmquist, 62 So.2d 415 (Fla.1953); Comment, 6 U.Fla.L.Rev. 568 (1953), 7 Mia.L.Q. 580 (1953). Section 458.16 cannot be employed to override the physician’s own constitutional protection against involuntary self-incrimination.
The petition is DENIED.
ERVIN and MELVIN, JJ., concur.

. Section 458.16, Florida Statutes (1977), provides:
Any doctor or other practitioner of any of the healing sciences making a physical or mental examination of, or administering treatment to, any person, shall upon request of such person, his guardian, curator, or personal representative in the event of his death, furnish copies of all reports made of such examination or treatment. Such reports shall not be furnished to any person other than the patient, his guardian, curator, or personal representative, except upon the written authorization of the patient; provided, however, that nothing herein shall prevent the furnishing of such reports without such written authorization, to any person, firm, or corporation who with the patient’s consent shall have procured or furnished such examination or treatment, and where compulsory physical examination is made pursuant to Rule 1.360, Florida Rules of Civil Procedure, copies of the medical report shall be furnished both the defendant and the plaintiff.