ADKINS, Justice,
concurring specially.
Can an examination by the state attorney during defense discovery proceedings ever become an “investigation” by the state attorney? The majority says no. I say yes.
At issue is the operation of Florida’s immunity statute, section 914.04, Florida Statutes (1975), based on testimony elicited by a state attorney at a defense discovery deposition. The Third District Court of Appeal held the' immunity statute was inapplicable where the witness was subpoenaed by the defense to testify with regard to a proceeding in which he was not charged. State ex rel. D’Amato v. Morphonios, 358 So.2d 1119 (Fla.3d DCA 1978). The First District Court of Appeal has indicated immunity could be available under these circumstances. State v. Powell, 343 So.2d 893, 894 (Fla.1st DCA 1977).
The state argues the immunity statute is only available to a state attorney conducting ex parte investigations pursuant to section 27.04, Florida Statutes (1975). I disagree. The language of the immunity statute as applicable to the facts at bar is clear and unambiguous:
No person, having been duly served with a subpoena . . . shall be excused from attending and testifying . before any . . . state attorney, upon investigation . . . for a violation of any of the criminal statutes of this state .
Section 914.04, Florida Statutes (1975). A defense discovery deposition may not be the usual forum in which a state attorney would choose to exercise this authority under the immunity statute. However, there is nothing in the language of the statute itself to prohibit doing so, as long as all other requirements are met.
*1356 In the case at bar D’Amato was under subpoena at the time the state attorney cross-examined him. An investigation into petitioner’s alleged criminal conduct was underway and the testimony given was related thereto. State v. D’Amato, 358 So.2d 575, at 576 (Fla.3d DCA 1978). The petitioner was being questioned by the state attorney who has the authority to grant immunity. This differs markedly from a situation in which the defense attempts to confer immunity by subpoenaing and questioning an accused. The power to confer immunity lies solely with the state. State v. Schell, 222 So.2d 757 (Fla.2d DCA 1969). There is no reason a person in petitioner’s position should be required to give incriminating testimony simply because the subpoena was issued by the defense. The immunity statute was available to the state attorney herein and I disapprove any discussion to the contrary in the district court’s decision.
Although I decline to follow the district court’s rationale, the result is approved. I would hold this defendant was not entitled to immunity because he gave the testimony voluntarily.
The purpose of an immunity statute is to enable the state to pursue avenues of investigation which are usually foreclosed by the constitutional privilege against self-incrimination. This is accomplished by granting the state, under cértain circumstances, the power to grant immunity and thus compel otherwise privileged testimony. The events which trigger the immunity statute are compulsory testimony, State ex rel. Foster v. Hall, 230 So.2d 722 (Fla.2d DCA 1970), and the assertion of the privilege against self-incrimination, Tsavaris v. Scruggs, 360 So.2d 745 (Fla.1977); State v. Perkins, 349 So.2d 802 (Fla.2d DCA 1977); Orosz v. State, 334 So.2d 26 (Fla.lst DCA 1976). Florida’s immunity statute is not self-executing. State v. Newsome, 349 So.2d 771 (Fla.2d DCA 1977). If a person giving testimony in response to the state’s questions fails to object, then the testimony is deemed voluntary and immunity is inappropriate. D’Amato did not invoke his privilege against self-incrimination when the state attorney questioned him. He cannot now claim immunity on the basis of the testimony given in response to those questions.
I approve the decision of the Third District Court of Appeal but for the reasons expressed herein, rather than those expressed in the opinion of the district court.
BOYD, J., concurs.