OWEN, WILLIAM C., Jr., Associate Judge.
The State of Florida appeals from an order granting appellee’s motion to dismiss the charges against him. We reverse.
The issue here is whether Appellee, by appearing before the state attorney and testifying under oath pursuant to subpoena, was entitled, by virtue of Section 914.04, Florida Statutes (1979),[1] to immunity as to *143 the transactions concerning which he so testified, where Appellee (1) was not first informed of his right against self-incrimination, and (2) did not at any time assert such right.
We hold that (1) the statute did not confer either transactional or use immunity on Appellee in the absence of (a) his having asserted his privilege against self-incrimination, and (b) the state, on the basis of the statute, having compelled his answer over his objection, and (2) the state’s failure to first advise Appellee of his right against self-incrimination did not relieve him of the necessity to assert such right.
In State v. Perkins, 349 So.2d 802 (Fla. 2d DCA 1977), the court, in reversing an order which, on substantially similar facts, had dismissed an information on the basis of the immunity statute, stated, at page 803:
The immunity statute, Section 914.04, Florida Statutes (1975) is not self-executing upon the mere issuance of a subpoena or unprotesting compliance therewith. The issuance of a subpoena compels only the witness’ attendance (with the required documents in the case of a subpoena duces tecum). If the witness asserts his fifth amendment privilege upon being interrogated or requested to surrender the subpoenaed documents, the State may relieve him of providing incriminating evidence in compliance with the subpoena, see State ex rel Foster v. Hall, 230 So.2d 722 (Fla. 2d DCA 1970), cited and quoted with approval in Tsavaris v. Scruggs, No. 48,637 [360 So.2d 745] (Fla. March 17, 1977), or may require him to testify or turn over the subpoenaed documents, in which event the witness will have immunity pursuant to Section 914.04, Florida Statutes (1975).
In order to invoke the immunity provided by the statute, the witness must assert his privilege against self-incrimination. If he is nevertheless compelled to provide incriminating evidence, his answers may not be used against him in a later criminal prosecution. However, if he fails to assert his privilege, his failure to object may justifiably lead the state to assume that its compulsory process did not result in eliciting evidence that the witness deemed incriminating, and he should not be allowed to claim immunity after the fact. Orosz v. State, 334 So.2d 26 (Fla. 1st DCA 1976).
At no time during the investigatory proceedings here did either appellee or his counsel raise an objection on the ground of self-incrimination. Having failed to assert his fifth amendment privilege against self-incrimination, he may not now claim immunity from prosecution or use of the subpoenaed documents against him on the sole basis that he turned over the requested documents. (Footnotes omitted.)
The First District Court of Appeal has taken the same position. In Melanson v. Nelson, 366 So.2d 1191 (Fla. 1st DCA 1979), involving the effect of the immunity statute on one served with a subpoena duces tecum commanding appearance instanter before a state attorney, the court, in denying petition for writ of prohibition against the trial court, stated at page 1192:
The purpose of Section 914.04 is to aid criminal prosecutions by allowing the state to elect to immunize one offender to secure the offender’s self-incriminating testimony for use in prosecuting another. Tsavaris v. Scruggs, 360 So.2d 745 (Fla.1977); State v. Powell, 343 So.2d 892 (Fla. 1st DCA 1977); State ex rel. Foster v. Hall, 230 So.2d 722 (Fla. 2d DCA 1970). The statute is not intended to confer immunity where the state does not choose to employ it. Thus, the mere issuance of a subpoena does not confer immunity, Tsavaris v. Scruggs, supra at 749. Nor is the state required to foresee that its compulsory process will result in eliciting testimony the witness deems incriminating. State v. Perkins, 349 So.2d 802 (Fla. 2d DCA 1977); Orosz v. State, 334 So.2d 26 (Fla. 1st DCA 1976). The witness must *144 assert his privilege against self-incrimination, upon being interrogated or ordered to surrender documents, thus presenting the state with a choice of conferring immunity and compelling the witness to testify, or relieving the witness of providing incriminating evidence. State v. Perkins, supra.
... We hold, however, that the state’s coercive purpose did not relieve Melanson of the requirement that he assert his privilege against self-incrimination and receive a grant of immunity from the state.
The Third District Court of Appeal, in State v. Kitchen, 353 So.2d 897 (Fla. 3d DCA 1977), also made clear the necessity of the witness being compelled to testify in order for the testimony to result in immunity under the statute, citing State v. Newsome, 349 So.2d 771 (Fla. 2d DCA 1977). In the latter case the court stated, at page 772:
In order for a witness’ testimony to result in either transactional or use immunity under Section 914.04, Florida Statutes (1975), the witness must be compelled to testify. The fact that Ms. New-some was subpoenaed to testify, standing alone, does not mean that her testimony was compelled. We so held in State ex rel. Foster v. Hall, 230 So.2d 722 (Fla. 2d DCA 1970). See also Orosz v. State, 334 So.2d 26 (Fla. 1st DCA 1976). Since she did not object to giving testimony, and the record does not reveal that she was coerced in any way, we conclude that her testimony was not compelled.
Appellee argues that the Newsome case, the Orosz case, and the Hall case can be distinguished because each involved a witness subpoena which commanded the witness to appear only, but did not require the witness to testify (as did the subpoena in this case). We reject that argument for it rests on a misconception of what was intended in State ex rel. Foster v. Hall, supra, and Orosz v. State, supra, when the court stated that “compulsory attendance is one thing and compulsory testimony is quite another.” Every subpoena commands the witness to appear and testify. Thus, in a literal sense both attendance and testimony are compulsory. But testimony which is protected by the constitutional privilege against self-incrimination certainly can not be compelled over the witness’ assertion of that right (and thus can not be said to be compulsory) unless, in reference to the testimony as to which the constitutional privilege has been claimed, the state then employs the immunity statute in order to compel that testimony. Only then is the testimony (or evidence produced pursuant to subpoena duces tecum) deemed compulsory, bringing in the statutory immunity, both transactional and as to use.[2]
Appellee cites Holland v. State, 345 So.2d 802 (Fla. 4th DCA 1977), State v. Yatman, 320 So.2d 401 (Fla. 4th DCA 1975), and State ex rel. Lurie v. Rosier, 226 So.2d 825 (Fla. 4th DCA 1969) in support of his entitlement to immunity. None of the cited cases expressly considered or decided the question of whether the statute would confer immunity absent the witness being compelled to testify after asserting the privilege against self-incrimination. That lack of reference to the matter undoubtedly gave Appellee and the trial court justification to perceive those cases as authority for the proposition that the statute is self-executing and automatically confers immunity on the subject matter of the interrogation once the witness, in response to a subpoena, appears and testifies. To the extent that those cases infer any view inconsistent with the holding in this case, we clarify the opinions therein.
The failure of the state attorney to advise Appellee of his constitutional right against self-incrimination before conducting the interrogation does not have any effect on the immunity issue. Whether the failure in this regard affects the use of the *145 information gained from the interrogation is an issue which is not before us.[3]
The order granting the Motion to dismiss is REVERSED, and this cause remanded for further proceedings.
HERSEY and WALDEN, JJ., concur.

. Witnesses; person not excused from testifying in certain prosecutions on ground testimony might incriminate him; immunity from prosecution. — No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be re *143 ceived against him upon any criminal investigation or proceeding.

. Accord, concurring opinion of Justice Adkins in D'Amato v. Morphonios, 381 So.2d 1355 (Fla. 1980).

. See Melanson v. Nelson, 366 So.2d 1191 (Fla. 1st DCA 1979); State v. Newsome, 349 So.2d 771 (Fla. 2d DCA 1977).