349 So.2d 1198 (1977)
Rafael LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 77-179.
District Court of Appeal of Florida, Second District.
August 31, 1977.
Rehearing Denied September 26, 1977.
Thomas J. Hanlon, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Rafael Lopez, also known as Pedro Lovaina Duran, was convicted of aggravated battery *1199 and sentenced to fifteen years in prison, with credit for time served prior to sentencing. He appeals, contending the trial court erred in denying his right to elicit testimony from his co-defendant who invoked the Fifth Amendment and declined to testify. We find no reversible error; we affirm.
In October of 1975 appellant Lopez and Luis Libed were charged by the same information with aggravated battery for allegedly cutting Mahmoud Badran with a knife. The prosecution resulted from an incident which occurred in the parking lot of a restaurant in Hillsborough County. Charges against the two co-defendants were severed. Lopez was to be tried first with Libed scheduled to go on trial several days later.
At Lopez' trial in December of 1975, the complaining witness, Badran, testified that Lopez and another man (presumably Libed) had started the trouble and had been the aggressors in the incident. After the state rested, the defense called Libed as its first witness. Libed's attorney stepped forward and informed the court that his client would invoke his right not to testify on the grounds of self-incrimination and would refuse to answer any questions concerning the knifing incident. A conference involving Libed's attorney, Lopez' attorney, the state attorney, and the trial judge culminated in a ruling by the court that since Libed was charged under the same information for the same offense, he could not answer any questions that defense counsel might pose. Lopez' counsel objected, contending there had not been a proper predicate for Libed to invoke the Fifth Amendment.
Lopez subsequently took the stand in his own defense and claimed that the complaining witness, Badran, was the aggressor, and that he was merely protecting himself. On appeal Lopez argues it was error for the trial court not to require Libed to testify, as Libed was the only person who could confirm the veracity of his testimony and the falsity of the allegations made by the complaining witness.
Appellant contends that the trial judge incorrectly allowed Libed's counsel to be the judge of whether Libed should testify. Appellant argues that the trial court should have first inquired directly of Libed and then made his own independent determination of whether there was a basis for Libed to exercise his right to remain silent. Appellant points to this court's opinion in Talavera v. State, 227 So.2d 493 (Fla.2d DCA 1969), quashed in part on other grounds, 243 So.2d 595 (Fla. 1971), holding that a trial judge should grant a severance to a defendant to afford him the right to compulsory process against his codefendant. There Judge McNulty said:
A witness's refusal to answer under the 5th amendment privilege will only be sustained where it appears from the questions and their implications, and the setting in which they are asked, that a responsive answer or explanation of the claim of privilege involves a disclosure dangerous to the witness, and will present a reasonable grounds for the witness to apprehend a real danger of criminal prosecution. These matters are questions of law for the trial court, upon a voir dire examination, to determine. 227 So.2d at 495-6 (footnotes omitted) (emphasis supplied).
We agree with appellant that ordinarily the trial judge initially must make a direct inquiry on voir dire to determine a witness' claim of privilege. In the determination of this threshold question a witness who claims the privilege against self-incrimination has the burden of establishing his entitlement and this, of course, as pointed out in Talavera, supra, is a matter for the court to determine. Under the circumstances here, however, it would have been an idle exercise of judicial labor to indulge in such inquiry. The facts before the court, and patent from the four corners of the case at the critical posture involved, clearly support the court's conclusion that Libed *1200 was entitled to the Fifth Amendment privilege against self-incrimination. It was not error to forego the voir dire examination which, under other circumstances, may ordinarily have been required.
The witness being entitled to the privilege, therefore, the true question in this case devolves whether, notwithstanding, the defendant herein has established his entitlement to the witness' testimony anyhow, under the rationale of Talavera, supra. Upon a proper predicate, we said in that case, he was entitled to compel such testimony under appropriate safeguards devised within the discretion of the trial judge sufficient to insulate the witness from the incriminating effects of what he may be compelled to say.
Here, appellant has not demonstrated by the record before us that he did lay such a predicate for his entitlement to the privileged testimony; consequently, he has failed to make error clearly to appear. The course we pursued in Talavera, supra, in remanding so as to afford the defendant an opportunity to make such a showing was bottomed on fairness in that, having been without the guidance of precedent, the defendant did not know how to proceed. That situation does not exist here, however, since Talavera itself now exists as precedent.
Accordingly, the judgment and sentence appealed from should be, and they are hereby, affirmed.
McNULTY, A.C.J., and OTT, J., concur.