358 So.2d 1119 (1978)
STATE of Florida ex rel. Ronald D'Amato, Randall Quick Linnard Broom and Douglas Ghiloni, Relators,
v.
Honorable Ellen J. MORPHONIOS, Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
No. 77-1954.
District Court of Appeal of Florida, Third District.
May 4, 1978.
Rehearing Denied June 9, 1978.
*1120 Eugene P. Spellman and Denis Dean, Miami, for relators.
Janet Reno, State's Atty., and Paul M. Rashkind, Asst. State's Atty., for respondent.
Before HAVERFIELD, C.J., and BARKDULL and HUBBART, JJ.
HUBBART, Judge.
This is an original suggestion for a writ of prohibition filed by the relators Ronald D'Amato, Randall Quick, Linnard Broom and Douglas Ghiloni on the ground that the respondent Ellen J. Morphonios as judge of the Circuit Court for the Eleventh Judicial Circuit of Florida has lost jurisdiction to try the relators on certain criminal charges pending before the respondent because the relators have been immunized from prosecution on such charges. We have jurisdiction to entertain the suggestion. State ex rel. Byer v. Willard, 54 So.2d 179 (Fla. 1951); Article V, Section 4(b)(3), Florida Constitution. Accordingly, we ordered the respondent trial judge to show cause in writing why the writ of prohibition should not issue. A response thereto has been filed and the court in addition has had the benefit of briefs and full argument from the parties.
The central question raised by the petition and response is whether an accused can acquire immunity from prosecution under Section 914.04, Florida Statutes (1975), based on testimony given by the accused as a witness at a defense discovery deposition in a criminal proceeding in which he is not charged when such testimony is given in response to questions propounded on cross examination by a state attorney. We hold that the accused cannot acquire statutory immunity for such testimony under Section 914.04, Florida Statutes (1975), and deny the prohibition relief herein sought.
The facts of the case are undisputed. On November 27, 1976, the relators were police officers of the Dade County Public Safety Department. On that date they participated in the arrest of one Michael Wilkey in Dade County, Florida, and charged him with aggravated assault and driving while intoxicated. A preliminary hearing was held at which the relators Quick and D'Amato testified. The defendant Wilkey was bound over for trial to the Circuit Court.
During the pre-trial discovery process, Wilkey's defense counsel and the state attorney agreed to have Wilkey submit to a polygraph examination, the results of which were stipulated to be admissible in evidence. Wilkey took the examination and the results substantiated his claim of innocence. Also the prosecutor deposed two of Wilkey's expert witnesses who testified as to certain ballistics evidence and concluded that Wilkey's weapon had not been fired contrary to the testimony of the relators Quick and D'Amato at the preliminary hearing. An informal conversation ensued between Wilkey and the state attorney wherein Wilkey narrated his version of the facts surrounding the arrest. At that time, the state attorney informed defense counsel that there would be an investigation into the conduct of the relators.
Subsequent thereto, Wilkey's defense counsel issued subpoenas upon the relators for the purpose of taking defense discovery depositions under Fla.R.Crim.P. 3.220(d). Wilkey's defense counsel and the state attorney attended these depositions and asked a number of questions on direct and cross examination respectively relating to the incident giving rise to the charges against *1121 Wilkey. The state attorney did not advise the relators during the deposition that they were under criminal investigation or advise them of their Miranda rights. We have held that his failure to do so rendered the statements inadmissible in evidence. State v. D'Amato, 358 So.2d 575 (Fla. 3d DCA 1978) (case no. 77-2127, opinion filed May 4, 1978).
On July 24, 1977, the state attorney filed an information charging the relator D'Amato with improper exhibition of a dangerous weapon and aggravated assault. The relators D'Amato and Quick were also charged in separate counts with perjury at Wilkey's preliminary hearing. Finally, all of the relators were charged with perjury at the defense discovery depositions. The relators filed a motion to dismiss the information on the ground that they were immunized under Section 914.04, Florida Statutes (1975), based on their testimony given at the defense discovery depositions in response to questions propounded by the state attorney. After a hearing, the trial court denied the motion and the relators have filed the instant suggestion for a writ of prohibition.
Section 914.04, Florida Statutes (1975), upon which the relators rely for their claim of immunity, provides as follows:
"No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or State Attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty for forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding." [Emphasis added]
By its very terms, the immunity granted by the foregoing statute is limited to testimony given "before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state." A defense discovery deposition taken under Fla.R. Crim.P. 3.220(d) is not an investigation, proceeding, or trial before (1) a court with felony trial jurisdiction, or (2) a grand jury or (3) a state attorney. Accordingly, no witness, including the relators herein, can acquire such statutory immunity by answering a subpoena and giving testimony at such a defense discovery deposition. State v. Powell, 343 So.2d 892 (Fla. 1st DCA 1977).
The fact that the relators were under investigation and were cross examined by the state attorney at the time of the depositions herein does not change this result. Such depositions cannot be converted into ex parte state attorney investigative proceedings under Section 27.04, Florida Statutes (1975), to which the above general immunity statute is applicable by the simple expedient of the state attorney propounding questions of the witness on cross examination. The proceedings remain defense discovery depositions at which the state attorney is entitled to be present and ask proper questions in an adversary setting on cross examination of the deposed witness. Fla.R.Crim.P. 3.220(d).
A witness subpoenaed for such a defense discovery deposition no more gets immunity under the statute for his testimony based on such state attorney questioning than a witness subpoenaed for an adversary or a non-adversary preliminary hearing on a felony charge before the county court could get immunity for his testimony based on similar state attorney questioning. Fla.R. Crim.P. 3.131(a), (b). The same holds true for a witness subpoenaed by the state to give testimony at trial before the county court on a misdemeanor charge. None of these proceedings are covered by Section *1122 914.04, Florida Statutes (1975), and in none can a witness ever acquire statutory immunity. To the extent that State v. Powell, 343 So.2d 892, 894 (Fla. 1st DCA 1977), contains dicta reaching a different conclusion, we decline to follow it as being contrary to the statute.
Writ denied.
HAVERFIELD, Chief Judge (dissenting in part, affirming in part).
I disagree with the majority's denial of the relators' suggestion for writ of prohibition with respect to Counts I-IV of the information.[1]
The dispositive issue is whether the officers were in fact under investigation by the state attorney at the time they were deposed and therefore received immunity under Section 914.04, Florida Statutes (1975). In response to the suggestion for prohibition, the prosecution contends that no formal investigation was undertaken until after the depositions and thus the relators reliance upon the above statute is misplaced. The majority reasons that a defense discovery deposition taken under Fla. R.Crim.P. 3.220(d) is not an investigation, proceeding or trial before (1) a court with felony trial jurisdiction, or (2) a grand jury or (3) a state attorney; accordingly, the relators could not acquire such statutory immunity. I must reject both these arguments.
Although the prosecution did not formally open an investigation until after the relators were deposed, as early as the beginning of February, 1977, the seeds of suspicion had been sown in the mind of the prosecutor that the relators were not testifying truthfully based upon the results of Wilkey's polygraph examination, his narrative about his arrest and the deposition testimony of the defense expert witnesses with regard to the ballistics evidence which the prosecutor retained in his possession. In fact the prosecutor stated to Wilkey's counsel that there would be an investigation into the conduct of the relators. It is very apparent that the investigation by the prosecutor had already been initiated at the time the relators were deposed. While, a defense deposition under Fla.R.Crim.P. 3.220(d) ordinarily is not considered an investigation before a state attorney, if the prosecutor is permitted to elicit incriminating statements from a witness on cross-examination, then the prosecution's cross-examination would convert the taking of the deposition into an investigative proceeding before the state attorney which is covered by the immunity statute. See: State v. Powell, 343 So.2d 892, 894-5 (Fla. 1st DCA 1977). In the case at bar, the prosecutor extensively cross-examined the relators with the view toward probable prosecution. It is obvious that the underlying purpose of taking these defense depositions was to permit the prosecutor to elicit on cross-examination incriminating statements from the relators thereby converting the depositions into an investigative proceeding before the state attorney. I therefore would grant the writ of prohibition as to counts I-IV of the information. With respect to counts V VIII[2] (charging relators with perjury while testifying at their depositions), the writ must be denied because immunity does not extend to perjury a witness commits while testifying under compulsion. See: McDonald v. State, 321 So.2d 453, 456 (Fla. 4th DCA 1975).
NOTES
[1] I. Improper exhibition of a dangerous weapon (D'Amato)

II. Aggravated assault (D'Amato)
III. Perjury (preliminary hearing) (D'Amato)
IV. Perjury (preliminary hearing) (Quick)
[2] V. Perjury (deposition) (D'Amato)

VI. Perjury (deposition) (Quick)
VII. Perjury (deposition) (Broom)
VIII. Perjury (deposition) (Ghiloni)