PER CURIAM.
This is an appeal by the State of Florida[1] from an order granting defendants’ motion to suppress defendants’ depositions upon which a charge of perjury had been brought by the State.[2]
A person (not a party to this appeal), Mitchell Dale Wilkey, was arrested by the defendant police officers. Subsequently, Wilkey was charged by the State with aggravated battery and driving while intoxicated. The State deposed two persons as witnesses. These witnesses gave testimony and supplied pictures which refuted the police officers’ version of events which led to Wilkey’s arrest. Wilkey, thereafter, subpoenaed the police officers and deposed them. Present at the depositions were representatives of the state attorney’s office and Wilkey’s attorney. During the depositions, the State sought to bolster the witnesses’s (police officers) testimony by asking them questions which would clarify or correct answers they had given during direct examination. The State did not inform the police officers of their Miranda rights prior to the questioning. Four months after the taking of the depositions, each of the police officers was charged with the crime of perjury, pursuant to Section 837.-02, Florida Statutes (1975). In addition, one of the police officers was charged with improper exhibition of a firearm and aggravated assault.
The police officers, through their attorney, filed a “Motion to Suppress Defendants’ Statements (Depositions).” The burden of this motion was that the statement obtained from the defendants was obtained ip violation of defendants’ rights against self-incrimination, and that the use of these statements would be contrary to the due process clauses of the federal and state constitutions. A third ground was denied by the court and is not a subject of this appeal.
The State urges a single point on appeal which is that the suppression of the deposition testimony of the defendants was erroneous in that no constitutional right of the defendants had been violated. The defendant police officers, upon the other hand, urge that the depositions were, in fact, a part of an ongoing investigation concerning the conduct of the officers and that inasmuch as the defendants were not advised of their right to remain silent, the defendants were, in fact, required to testify against themselves; that is, they were thus induced to make the statements upon which the charge of perjury is now levied. Basic to this argument is the contention that the police officers were, in fact, coerced to testify in the case against Wilkey. The defendants testified before the trial judge on the hearing on the motion to suppress that they were aware of an administrative order which, in actuality, required them to attend the deposition.[3]
*577 As recited in the trial judge’s order, extensive testimony was taken before her. Based upon this testimony, she made her finding of fact that the investigation of the officers was under way at the time the deposition was taken. In other words, the trial judge found that the purpose of taking the depositions was not to further the prosecution of Wilkey, but rather to secure evidence to be used against the police officers in a subsequent proceeding. The State has failed to point out, upon the record, any way in which this finding of fact is not supported by the record. This court will not reverse a finding of fact of the trial judge when there is competent, substantial evidence to support that finding. Carroll v. State, 186 So.2d 834 (Fla. 4th DCA 1966).
We, therefore, conclude that the order under review must be affirmed.
Affirmed.

. See § 924.071, Fla.Stat. (1967).

. “THIS CAUSE having come on to be heard pursuant to motions filed on behalf of the Plaintiff and Defendants, and the court having heard testimony from witnesses, argument from counsel for the respective parties, having reviewed memorandums of law and being otherwise fully advised in the premises, it is hereby,
“CONSIDERED, ORDERED AND ADJUDGED:
“Defendants’ motion to suppress Defendants’ statements (depositions), be and the same is hereby GRANTED on the first two grounds alleged therein (coercion and denial of due process) and is DENIED as to the third ground (depositions not submitted to witnesses).”
******

.Administrative Order No. 2-74 pertains to the appearance of public safety officers at depositions and provides as follows in Section III(A):
*577 “Failure to appear may result in exclusion of testimony, unnecessary continuances, or case dismissal.”
More importantly, Section 111(D) provides: “Failure to appear for a deposition may constitute contempt of court and may result in disciplinary action by the Department.” Further, Section IV(H) provides:
“Employees must answer their subpoeanes and will sign in and out with the Court Liaison Officer.”
In addition to the above Order, the defendants, at the time of the depositions in question, were governed by the Dade County Public Safety Department Rules and Regulations Manual, which provides in Section 2-200.09, as follows:
“Employees shall perform duties as required or directed by law; departmental rule, policy, or order; or by order of a superior.”