DANIEL S. PEARSON, Judge.
The City of Miami Beach[1] sued to permanently enjoin [2] Jacquelyn Town from using certain premises owned by her which the City alleged were being used in violation of zoning ordinances.[3] During the pretrial discovery stage of this civil suit, the City served written interrogatories upon Town. Asserting her privilege against self-incrimination, Town refused to answer a number of these questions.[4] The City moved to compel Town’s answers. The trial court *603 ordered Town to answer based exclusively [5] on the City’s proffer:
“... that it grants immunity to Defendant for violation of the City’s single-family zoning district regulations found in Section 6-1 of the Miami Beach Zoning Ordinance No. 1891, prohibiting more than three unrelated persons to inhabit the subject dwelling .. .. ”
Town petitioned this court , for a writ of certiorari, asserting that the trial court’s order departed from the essential requirements of the law. We issue the writ and quash the trial court’s order.
The power to compel testimony is not absolute. The most important exemption from the duty to give testimony is the Fifth Amendment privilege against compulsory self-incrimination. It is only when the immunity granted is coextensive with the scope of this privilege that an order compelling testimony is justified. See generally Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Where, as here, the court’s order, entered upon the City’s necessarily limited undertaking, falls far short of supplanting Town’s privilege not to incriminate herself and leaves Town open to having the compelled testimony used against her in connection with the prosecution of such offenses, apart from zoning violations, which may be revealed by her testimony, the order requiring her to testify cannot stand.[6] Moreover, since the case below was not an “investigation, proceeding or trial for a violation of any of the criminal statutes of this state,” see Section 914.04, Florida Statutes (1979); State ex rel. D’Amato v. Morphonios, 358 So.2d 1119 (Fla.3d DCA 1978); approved and adopted, 381 So.2d 1355 (Fla.1980), the trial court’s order could not have the effect of extending the City’s undertaking and thus adequately protecting Town.
Accordingly, on the state of the record before us, the trial court was in error in compelling Town to answer the interrogatories. The writ of certiorari is granted and the order under review quashed.

. Initially, the State of Florida, suing only to abate an alleged nuisance, was a co-plaintiff with the City. The nuisance which was sought to be abated by the State was that the premises were open to and frequented by people for the use, keeping and delivery of marijuana. It did not, however, for reasons not pertinent here, seek or move to compel discovery from Town, and, by its own admission, has no standing in the matter before us.

. A temporary injunction granted by the trial court was affirmed by the Florida Supreme Court. See Town v. State ex rel. Reno, 377 So.2d 648 (Fla.1979).

. The alleged violations were the use of the premises as a church and as a multiple family dwelling.

. At an earlier stage, the City attempted to depose Town and was met with the same assertions. The City did not seek to compel Town’s answers to the questions posed at the deposition.

. The City argues that the trial court’s order should be sustained on the ground that Town’s refusal to answer was not a good faith exercise of the privilege. We fully recognize that a witness “is not exonerated from answering merely because he declares that in so doing he would incriminate himself — his say-so does not of itself establish the hazard of incrimination.” Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). But while it is the court which must determine under all the circumstances whether the possibility of prosecution is imaginary or real and whether an answer would have any tendency to incriminate, or provide a link in the chain of evidence, State ex rel. Feldman v. Kelly, 76 So.2d 798 (Fla.1954); Lopez v. State, 349 So.2d 1198 (Fla.2d DCA 1977); Holmes v. State, 311 So.2d 780 (Fla.3d DCA 1975); Talavera v. State, 227 So.2d 493 (Fla.2d DCA 1969), the order under review was entered only because of the City’s purported grant of immunity, not because the trial court determined that Town’s exercise of the privilege was unfounded. That issue was not reached by the trial court and is not reached by us.

. After the commencement of the proceedings in this court, the City received a letter from the State Attorney, which stated in pertinent part: “Pursuant to your request, and based solely on your request, this office will not prosecute Jacquelyn Town for Miami Beach single-family zoning violation if Ms. Town [answers the questions put to her].” While this letter obviously played no part in the trial court’s decision and is not properly a part of the record before us, we do note that the City’s efforts to have the State provide Town with the immunity from State criminal prosecution for zoning violations misses the mark. The privilege against seif-incrimination which Town enjoys is the privilege not to incriminate herself with respect to the violation of any criminal law, not just zoning violations.
Abating a nuisance (or enjoining a zoning violation) is “a very different matter from prosecuting criminally those who commit felonious acts contributory to it.” Pompano Horse Club, Inc. v. State ex rel. Bryan, 93 Fla. 415, 111 So. 801 (Fla.1927).