439 So.2d 339 (1983)
Mark Allen ALBERT, Petitioner,
v.
Nicholas SALCE and Anna Salce, His Wife, Respondents.
No. 83-1208.
District Court of Appeal of Florida, Third District.
October 18, 1983.
*340 Pyszka & Keller, Miami, and Cathy Touby, North Miami, and Carl A. Borgan, Coral Gables, for petitioner.
Urich & Shenkman and Robert Urich, Miami, for respondents.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
Mark Allen Albert, the defendant below, petitions this court for a writ of certiorari to review a trial court order which, inter alia, compels him, despite his claim that such answers may tend to incriminate him, "to answer the questions propounded to him at his deposition relating to his ingestion of drugs, prescription or otherwise, within twenty-four (24) hours preceding the accident which is the gravamen of this action." Finding that this portion of the order departs from the essential requirements of the law, we grant the petition and vacate the offending portion insofar as it compels the petitioner to answer questions concerning his ingestion of other-than-legally-prescribed drugs.
The accident in question occurred on February 8, 1980. At his deposition, petitioner was asked by plaintiffs' counsel whether in the twenty-four hours prior to the accident he had any medication, pills, hallucinogens, or any other drugs of any nature, with or without a doctor's prescription. The petitioner refused to answer on self-incrimination grounds. This refusal could be overridden only if the trial court determined that the answers could not possibly have any tendency to incriminate or the witness was clearly mistaken in his apprehension about the possibility of prosecution. Lewis v. First American Bank of Palm Beach County, 405 So.2d 300 (Fla. 4th DCA 1981). See Town v. Reno, 395 So.2d 602 (Fla. 3d DCA 1981).
It is plain that an admission of use of other-than-legally-prescribed drugs, if not directly tending to incriminate, most certainly furnishes a link in the chain of evidence which could support a prosecution for the possession, at least, of such drugs. It is no less obvious that the possibility of prosecution (even putting aside the possibility of federal, out-of-state and foreign prosecutions, or sophisticated on-going conspiracies) is not merely imaginary. Section 893.13(1)(b), Florida Statutes (1979), provides, inter alia, that any person who possesses in excess of ten grams of certain controlled substances described in Section 893.03(1)(a) or (b) is guilty of a first-degree felony for *341 which the statute of limitations is four years. See § 775.15(2)(a), Fla. Stat. (1979). Thus, without looking beyond the confines of Florida, where the accident and presumably the asked-about drug use occurred, we can readily see that the possibility of prosecution exists in this state at least until February 7 or 8, 1984.
Accordingly, the order under review is vacated insofar as it compels the petitioner to answer questions concerning his use of other-than-legally-prescribed drugs during the time in question.
Certiorari granted; order vacated in part.
JORGENSON, Judge, specially concurring.
The respondent has not favored this court with a response to the Petition for Writ of Certiorari. On the basis of this limited record I agree that certiorari is appropriate. But see Lund v. Lund, 161 So.2d 873 (Fla. 2d DCA 1964), approving the statement in Annest v. Annest, 49 Wash.2d 62, 298 P.2d 483 (1956), that "when a party claims the privilege of not answering a proper question, the court may dismiss his action or strike his testimony," Lund at 875. See generally Annot., 4 A.L.R.3d 545 (1965).