Dear Mr. Jones:
This office is in receipt of your opinion request in which you ask whether unclassified employees of the Louisiana Department of Culture, Recreation, and Tourism may work on behalf of a nonprofit foundation to be established to raise funds for the upcoming FrancoFete celebration.
At the outset we point out that although you have asked this office to examine your questions under the ethics code as well as under general state law, we must respectfully defer to the Ethics Commission with regard to the questions of ethics. By copy hereof, we are notifying the Ethics Commission of your concerns and suggest that you contact the Commission directly.
Your first question is whether your unclassified employees may participate, either as volunteers or board members, on behalf of the proposed nonprofit foundation, without violating any provisions of state law or the ethics code. Please be advised that our research did not reveal any provision of general state law which would prohibit your employees from volunteering their services on their own personal time to any non-profit entity, including those associated with the FrancoFete celebration.
Additionally, you have asked this office to address whether your unclassified employees may participate in the following activities, under your direction and supervision, in connection with the Department's coordination of FrancoFete activities:
 (a) Interaction with proposed non-profit foundation with purposes of coordinating public and private sector efforts;
 (b) Interaction with corporate sponsors with FrancoFete, and;
 (c) Acting as a liaison between the Department of Culture, Recreation, and Tourism and the proposed non-profit foundation.
These questions must be examined in light of the provisions of Article VII, § 14 of the Louisiana State Constitution of 1974, which provides, in pertinent part:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
The Supreme Court has interpreted Article VII, § 14 to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so.City of Port Allen v. Louisiana Municipal Management Agency,439 So.2d 339 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen
decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Opinion No. 92-204. See also: Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (La. 1990) and Atty. Gen. Op. 95-209.
The purposes and responsibilities of your office are outlined in LRS 36:201, which provides, in pertinent part:
 "B. The Department of Culture, Recreation and Tourism, through its offices and officers shall be responsible for planning, developing, and implementing improved opportunities for the enjoyment of cultural and recreational activities by the people of Louisiana and for greater development of their cultural and physical potential. The department shall be responsible for the development, maintenance, and operation of library, park, recreation, museum, and other cultural facilities; the statewide development and implementation of cultural, recreational, and tourism programs; and planning for the future leisure needs of the people."
By its plain language, this provision imposes upon the Department the legal authority and obligation to promote cultural and recreational opportunities and activities for and on behalf of the citizens of Louisiana. In our opinion, the activities which you have described fall squarely within the province and responsibility of the Department and its employees, and would, therefore, be in accordance with law. On behalf of the Department, its employees could undertake the activities described in (a), (b) and (c) above.
Please also note that Art. VII, § 14 contains an exception to its general prohibition for cooperative endeavors entered into by the state and private associations such as the one you describe. In particular, Art. VII, § 14(C) provides:
 "For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
In our opinion, the relationship and arrangement which you have described between the Department of Culture, Recreation, and Tourism and the FrancoFete foundation is in the nature of a constitutionally sanctioned cooperative endeavor. We strongly suggest that an agreement between the Department and the foundation be committed to writing, and that the agreement delineate the responsibilities and obligations of each entity to the other, in order that no misunderstandings arise. For your convenience, I am enclosing a copy of Atty. Gen. Op. 93-787, which addresses the issues pertaining to cooperative endeavors in some detail.
We trust this addresses your concerns. Should you have additional questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
cc: Ethics Commission
State of Louisiana
DEPARTMENT OF JUSTICE BATON ROUGE
RICHARD P. IEYOUB 70804-9005 P.O. Box 94005 ATTORNEY GENERAL TEL: (504) 342-7013 FAX: (504) 342-7335