Dear Mr. Bubrig:
Reference is made to your request for an opinion of this office regarding the Plaquemines Parish Courthouse District (the "District"), which was created pursuant to La. R.S. 33:4715.2 for the purpose of acquiring or constructing a new courthouse or renovating the existing courthouse for the Parish of Plaquemines and maintaining and operating same.
According to your correspondence, the District is in need of interim funding for design and engineering work pending receipt of state appropriations and other revenues. Some of the agencies and entities that will be housed at the new courthouse are willing to advance interim funds to the District, and you have therefore posed the following question for our review:
 "Is there any legal prohibition against the Sheriff's Office, or the Plaquemines Parish Government, or District Attorney's Office from advancing money to such a district to be repaid upon refinancing of the entire project?"
Implicitly, this inquiry must be examined in light of La. Const. Art. VII, Sec. 14(A), which prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." The Supreme Court has interpreted Art. VII, Sec. 14(A) to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v.Louisiana Municipal Management Agency, 439 So.2d 339 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204. Our opinions also refer to the requirement of "an underlying legal obligation or authority" for the transfer of public funds. Attorney General's Opinions Nos. 92-543, 92-494, 92-402, 92-204.
Also pertinent is La. Const. Art. VII, Sec. 14(C), which provides that "[f]or a public purpose, the state and its political subdivisions may engage in cooperative endeavors with each other". We are also guided by the Court's decision in Guste v.Nicholls College Foundation, 564 So.2d 682 (La. 1990), wherein a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be "given and accepted `under authority of the constitution and laws of this state' in furtherance of a governmental purpose", as opposed to a donation. The Court concluded that the funds were "transferred in the discharge of the Federation's constitutional or legal duties", and were accepted by the Foundation with a commitment to assist the Federation in carrying out its constitutional and legal duties".
Please be advised that it is the opinion of this office that agencies and entities that will be housed at the new courthouse can provide the District with interim funding for design and engineering work, and that such an arrangement is not a prohibited loan or donation in violation of La. Const. Art. VII, Sec. 14(A). Rather, the provision of such funding to the District, for use in connection with a building which will ultimately house the offices of those agencies and entities, appears to be more in the nature of constitutionally sanctioned cooperative endeavor.
As I am sure you are aware, agencies and entities that do provide the District with interim funding can only do so if they have available funds which are not restricted to use for other purposes. We also caution the District that in the event it receives capital outlay funds for this project from the state, it cannot use capital outlay funds to reimburse itself or other agencies or entities for prior expenditures.
We trust the foregoing to be of assistance. If this office can be of help in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: 2/23/99
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM ASSISTANT ATTORNEY GENERAL