Dear Mr. Lynch:
Reference is made to your request for an Attorney General's opinion regarding the use of resources of your office to assist in the development and operation of a web site on behalf of the Association of Inspectors General, a national non-profit organization of which your office is a member.
According to your correspondence, the object of the web site is to provide for the exchange of information and ideas relevant to the duties and operations of the offices of the various state Inspectors General through the Internet. You advise that you view the exchange of information with other Inspectors General as a valuable tool in the conduct of your office's business and, therefore, as a benefit to the state.
Implicitly, this inquiry must be examined in light of La. Const. Art. VII, Sec. 14(A), which prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." The Supreme Court has interpreted Art. VII, Sec. 14(A) to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v.Louisiana Municipal Management Agency, 439 So.2d 339 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204. Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer of public funds. Attorney General Opinion Nos. 92-543, 92-494, 92-402, 92-204.
Also pertinent is La. Const. Art. VII, Sec. 14(C), which provides that "[f]or a public purpose, the state and its political subdivisions may engage in cooperative endeavors with each other ". We are also guided by the Court's decision inGuste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990), wherein a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be "given and accepted `under authority of the constitution and laws of this state' in furtherance of a governmental purpose", as opposed to a donation. The Court concluded that the funds were "transferred in the discharge of the Federation's constitutional or legal duties", and were accepted by the Foundation with a commitment to assist the Federation in carrying out its constitutional and legal duties".
Please be advised that it is the opinion of this office that the funds and resources of your office can be utilized for the development and operation of the web site which you have described. In our opinion, such an arrangement is not a prohibited loan or donation in violation of La. Const. Art. VII, Sec. 14(A). Rather, the provision of such resources, for use in connection with a web site that will ultimately be of benefit to all participating Inspectors General, appears to be more in the nature of constitutionally sanctioned cooperative endeavor.
Of course, as I am sure you are aware, your office can only provide resources and funds for the web site if those funds and resources are not appropriated or restricted to use for other purposes.
We trust the foregoing to be of assistance. If this office can be of help in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM 
Assistant Attorney General
RPI:JMZB:jv