Dear Mayor Dumas:
Reference is made to your recent request for an opinion of this office regarding a fire truck previously sold by the Town of Oak Grove to the Oak Grove Fire District, and your conversations with the undersigned regarding the circumstances surrounding that sale.
You have advised that prior to the creation of the Fire District, the Town used to provide all fire protection to its citizens. When the District was created, the Town was able to cease providing its own fire protection services as those services could then be provided by the District. Additionally, there was the hope and possibility that homeowners insurance rates payable by the Town's citizens would be reduced if the Town's support of the District could cause it to be equipped and operated in a manner that would cause fire ratings within the District to go down.
In an effort to get the District fully equipped and operational as soon as possible, the Town of Oak Grove sold its fire truck to the Fire District for the sum of $75,000 (a reduced amount), and accepted a note in the amount of the purchase price, payable in monthly installments of $1,000 each. You have advised that once the District was fully equipped and operational, the insurance fire ratings within the Town were lowered, as had been hoped, from a rating of 7 to a rating of 4. The lower fire ratings had the consequence of affording the Town's citizens with lower homeowner's insurance rates, the average reduction being approximately 30% a year.
Currently, there is an approximately $60,000 balance owed on the note executed by the Fire Protection District to the Town. You advise that the Town would now like to forgive the remaining outstanding balance owed it by the Fire District, and thereby allow the District to utilize the funds it would otherwise have to pay to the Town for the provision of further fire protection services. On behalf of the Town, you seek an Attorney General's opinion as to whether the forgiveness of the District's debt would violate La. Const. Art. VII, Sec. 14.
La. Const. Art. VII, Sec. 14(A), prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." The Supreme Court has interpreted Art. VII, Sec. 14(A) to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v.Louisiana Municipal Management Agency, 439 So.2d 339 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204. Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer of public funds. Attorney General Opinion Nos. 92-543, 92-494, 92-402, 92-204.
Also pertinent is La. Const. Art. VII, Sec. 14(C), which provides that "[f]or a public purpose, the state and its political subdivisions may engage in cooperative endeavors with each other". We are also guided by the Court's decision in Guste v. Nicholls College Foundation, 564 So.2d 682
(La. 1990), wherein a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be "given and accepted `under authority of the constitution and laws of this state' in furtherance of a governmental purpose", as opposed to a donation. The Court concluded that the funds were "transferred in the discharge of the Federation's constitutional or legal duties", and were accepted by the Foundation with a commitment to assist the Federation in carrying out its constitutional and legal duties".
It is the opinion of this office that the Town of Oak Grove can forgive the balance of the debt owed to it by the Fire District, in order for the District to utilize the funds it would otherwise be obligated to pay to the Town for additional fire protection services. In our opinion, such an arrangement is not a prohibited loan or donation in violation of La. Const. Art. VII, Sec. 14(A). Rather, the forgiveness of the debt, in order that the funds can be utilized for fire protection services that will be of benefit to the Town and its citizens, appears to be more in the nature of constitutionally sanctioned cooperative endeavor.
We trust the foregoing to be of assistance. If this office can be of help in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dra