Dear Mr. Gegenheimer:
Reference is made to your recent request for an opinion of this office regarding the use of funds generated by your office from court filing fees received from the public. Specifically, you ask for our advice as to whether or not your office can donate $25,000 of those funds to the I Can Do It, Inc. drug court program. It is our understanding that the program is dedicated to the intervention, treatment and recovery of certain non-violent criminal offenders in an effort to produce productive members of the community. You advise that the program has an excellent track record of minimizing recidivism of offenders. You further advise that the program is a joint effort of the following agencies: Judges of the Twenty-fourth Judicial District Court, Judges of the Jefferson Parish Juvenile Court, Jefferson Parish Human Services Authority, Jefferson Parish District Attorney's Office, Jefferson Parish Sheriff's Office, Jefferson Parish Indigent Defender Board, and the Jefferson Parish Clerk of Court.
According to your correspondence, the program benefits the Clerk's office in a number of ways. Specifically, you advise:
 "The public funds would benefit the Clerk of Court's office because for years the Clerk of Court's office has been attempting to educate the public on the evils of drug abuse. The Clerk has a policy of random drug testing in his office, and the Clerk himself has been a strong advocate for mandatory drug testing.
 "The I Can Do It drug court program has an excellent track record of minimizing recidivism. As a result, the decrease of repeat offenders in the criminal justice system is of great benefit to the Clerk of Court in his efforts to control the criminal dockets.
 "The Clerk of Court's office is an integral part of the criminal justice system in Jefferson Parish. The I Can Do It drug court program is likewise an integral part of the criminal justice system in Jefferson Parish, and is run with the support of the judiciary, the district attorney, and the clerk of court's office. In fact, the clerk of court already provides employees to assist in the daily operations of the I Can Do It drug court program.
 * * *
 "The I Can Do It drug court is an extremely valuable asset in the criminal justice system, it has worked quite well, and it is in dire need of funding.
 "For these reasons, we believe that it its appropriate to donate $25,000.00 to such a worthwhile endeavor."
Implicitly, this inquiry must be examined in light of La. Const. Art.VII, Sec. 14(A), which prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." The Supreme Court has interpreted Art. VII, Sec. 14(A) to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana MunicipalManagement Agency, 439 So.2d 339 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen
decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204. Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer of public funds. Attorney General Opinion Nos. 92-543, 92-494, 92-402, 92-204.
Also pertinent is La. Const. Art. VII, Sec. 14(C), which provides that "[f]or a public purpose, the state and its political subdivisions may engage in cooperative endeavors with each other". We are also guided by the Court's decision in Guste v. Nicholls College Foundation, 564 So.2d 682
(La. 1990), wherein a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be "given and accepted `under authority of the constitution and laws of this state' in furtherance of a governmental purpose", as opposed to a donation. The Court concluded that the funds were "transferred in the discharge of the Federation's constitutional or legal duties", and were accepted by the Foundation with a commitment to assist the Federation in carrying out its constitutional and legal duties".
Please be advised that it is the opinion of this office that Art. VII, Sec. 14 would not be violated if the funds of your office were utilized for the benefit of an organization such as the I Can Do It drug court program. As we understand your correspondence and the literature enclosed therewith, the program is an integral part and program of the Twenty-fourth Judicial District Court and provides services that are of direct benefit to your office and the courts served by your office. Although your letter characterized the transfer of funds to the program as a `donation', we understand that that characterization was made in error. Based upon the undersigned's conversations with Jay Zainey, counsel to your office, as well as with Judge Marion Edwards, the transaction would be better characterized as one in the nature of a constitutionally sanctioned cooperative endeavor. We note that the interests of your office as well as the entire Jefferson Parish judicial system are served by the efforts of the program to end drug abuse and recidivism within the Parish.
Of course, as I am sure you are aware, your office can only provide resources and funds for the program if those funds and resources are not appropriated or restricted to use for other purposes. You indicated that the funds that would be transferred to the program come from court filing fees. We caution you and your staff to be sure that the revenues generated by the fees in question are not restricted to other uses.
We trust the foregoing to be of assistance. If this office can be of help in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB: