Dear Mr. Carson:
This office is in receipt of your request for an Attorney General's Opinion on behalf of a St. Tammany Parish fire protection district. Specifically, you present the following two questions for our review:
 "1. May a fire protection district exchange the use of living quarters in a firehouse for administrative services rendered by an employee related to fire protection such as answering the telephones, maintaining records of emergency calls and responses, and arranging training exercises?
 "2. May a fire protection district exchange the use of living quarters in a firehouse for administrative services rendered by a volunteer related to fire protection such as answering the telephone after hours, responding to calls, securing the premises and some maintenance?"
Implicitly, your request must be examined in light of La. Const. Art.VII, § 14(A), which generally prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." Also pertinent is La. Const. Art. VII, § 14(C), which provides that "[f]or a public purpose, the state and its political subdivisions may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
Despite the authorization for cooperative endeavors found in Art. VII, § 14(C), the Supreme Court has interpreted Art. VII, § 14 to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of PortAllen v. Louisiana Municipal Management Agency, 439 So.2d 339 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204. Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer of public funds. Attorney General Opinion Nos. 98-378, 92-543, 92-494, 92-402, 92-204.
The requirement of a legal obligation to expend public funds or to use public property is a threshold requirement, but is not the only predicate, for the constitutionality of the expenditure. The expenditure must also be for a public purpose and create a public benefit proportionate to its cost. Attorney General's Opinions Nos. 97-471-A, 92-722 and 90-392.
We also direct your attention to certain prior opinions of this office, which dealt with issues similar to those raised by your request. In Attorney General's Opinion No. 81-1270, we opined that a school board could allow a janitor/bus driver employee to live, rent free, in a house owned by the board because the occupancy was related to his employment. The employee was charged with the care, custody, preservation and security of school board property. The opinion concluded that the arrangement constituted a public purpose and the benefits to be derived by the school board were reasonably commensurate to the cost incurred. Similarly, in Attorney General's Opinion No. 80-195, we concluded that an instructor at a vocational technical school could reside in a small mobile trailer located on the premises of the school. In addition to his teaching duties, the employee was responsible for maintaining the grounds and providing security for the equipment stored at the school.
However, in Attorney General's Opinion No. 98-262, this office determined that a fireman and his family could not reside, rent free, in an apartment above a volunteer station. Therein, we determined that that the benefits to be derived by permitting the fireman and his family to reside in the apartment would inure primarily to the fireman and his family. Apparently, there was no real need to have an employee "on duty" within the station, and therefore the benefits which would have accrued to the City by virtue of the living arrangement would have been merely incidental.
Based upon the foregoing, it is our opinion that a fire protection district can exchange the use of living quarters in a firehouse for administrative services to be rendered by an employee or a volunteer, as long as the district has determined that the services the employee or volunteer will provide are necessary to the district, as well as commensurate in value to the rental value of the living quarters. If such is the case, then the arrangement could not, in our opinion, properly be considered to be a `donation'. Conversely, if use of the living quarters is worth more than the value of the administrative services to be performed by the employee or volunteer, then the district would be making a prohibited donation in the amount that the rental value exceeds the value of the services.
We trust the foregoing to be of assistance. If this office can be of help in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dam