Dear Mayor Herrington:
This office is in receipt of your request for an Attorney General's opinion regarding a federal grant awarded to the Webster Parish School Board.
You have advised that the grant is for the purpose of providing funding for a school resource officer. You further advise that in accordance with the terms of the grant, the resource officer is to provide services to all schools located within Ward II of Webster Parish, including schools located in municipalities other than Springhill. Additionally, you advise that the grant only provides for the salary of the officer. The grant does not provide for miscellaneous expenses, including but not limited to a vehicle, vehicle maintenance and fuel expenses, uniform or training expenses.
You further advise that the other municipalities who would be served by this office have refused requests for assistance in offsetting these additional expenses, as has the Webster parish School Board. You are concerned that having a Springhill Police Officer provide services to schools located outside the City of Springhill would constitute a prohibited donation of the City of Springhill's assets. As such, you have asked that this office address the following questions:
1. "Can said officer perform services for schools in the municipalities of Sarepta, Cotton Valley and Shongoloo while his salary and expenses are borne solely by the City of Springhill, or would these services performed for said municipalities constitute a prohibited donation of the City of Springhill's assets to said municipalities?"
2. "If said municipalities would provide a sum certain on a monthly basis to the City of Springhill in order to offset said expenses, would said payments allow said officer to perform services at the schools located within the municipalities of Sarepta, Cotton Valley and Shongoloo?"
3. "If the Webster Parish School Board were to provide a sum certain on a monthly basis to the city of Springhill in order to help offset said expenses, would said payments allow said officer to perform services at the schools located within the municipalities of Sarepta, Cotton Valley and Shongoloo?
Implicitly, this inquiry must be examined in light of La. Const. Art.VII, Sec. 14(A), which prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." The Supreme Court has interpreted Art. VII, Sec. 14(A) to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana MunicipalManagement Agency, 439 So.2d 339 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen
decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204. Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer of public funds. Attorney General Opinion Nos. 92-543, 92-494, 92-402, 92-204.
Our examination of the issues raised by your request requires that we undertake a different analysis of each of the two sources of funds, federal grant funds received for the officer's salary, and City funds utilized for the officer's other expenses.
It is our opinion that the use of federal funds received by the City of Springhill for the officer's salary, even though the salary will be paid to an officer who provides services outside of Springhill, does not violate La. Const. Art. VII, Sec. 14, for the reason that those funds are not "the funds of the state or of any political subdivision". Those funds are the funds of the United States government. In accord: Attorney General's Opinions Nos. 94-242; 92-969. La. Const. Art. VII, Sec. 14 does not prohibit the state or its political subdivisions from using federal funds in accordance with federal grant requirements.
With regard to the use of City funds, we assume that the grant cannot be procured unless the officer in question will serve all of Ward II, including the other municipalities located therein. Thus, unless the officer serves all schools within Ward II, the grant will not be procured and no schools will be served.
Turning to your specific questions, we will address your second and third questions first. Please be advised that it is the opinion of this office that if the other municipalities and/or the Webster Parish School Board contribute their proportionate share of the amount required to offset the expenses, other than salary, associated with the resource officer, then the officer, even though associated with the Springhill Police force, could perform services at those schools located outside of Springhill.
With regard to your first question, if the School Board and the other municipalities located within Ward II are unwilling to proportionately share the expenses associated with the officer, then the City of Springhill must make a determination as to whether or not securing the grant (and thereby, services of the resource officer within Springhill, albeit not exclusively) are of sufficient value to the City of Springhill such that the City is willing to meet those expenses on its own.
The City of Springhill has an obvious interest in the welfare and education of its school aged citizens, and the provision of adequate police presence and authority within the City. If the City determines that the services that will be provided to its own citizens will be more valuable than the costs associated with payment of the officer's non-salary expenses, then we see no reason why the City cannot pay those expenses, even though other municipalities will benefit thereby. In our opinion, the fact that schools outside of Springhill may also benefit from the proposed grant arrangement and the services of the resource officer does not obviate the public purpose of the arrangement as regards the City of Springhill.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dam