Dear Mr. Tate:
We are in receipt of your recent opinion request, on behalf of the City of Ville Platte, regarding the legality of the use of city funds to assist at-risk youth within the City of Ville Platte, through an apprenticeship/internship program.
In your capacity as City Attorney, and on behalf of the Mayor of Ville Platte, you have provided the undersigned with a copy of the City's grant application to the Rapides Foundation, regarding Ville Platte's proposed program, which grant application describes the City's proposal in some detail. Pertinently, the grant application provides:
 "The City of Ville Platte wishes to establish a Youth-At-Risk apprenticeship/internship mentoring program for at-risk teens ages 13-18 years. This program would focus on youth who are at-risk, especially those who have had no/few positives role models in their upbringing."
". . . Many of these vulnerable youth:
 — Reside in single parent homes, where concern, attention, discipline are often lacking
— Come from families with low economic status
 — Have parents who are unemployed or employed in low-paying jobs
— Are academic underachievers
 — Do not realize the value of education because it was not regarded at home as a `priority'
 — Have a history of school truancy, behavior problems, and suspensions
 — Have no one who has encouraged them to `dream' and to have aspirations for a successful future
 — Are unaware of the opportunities beyond their small world"
 ". . . these young people would benefit greatly from working in a structured environment with a dependable, capable, and caring adult as a mentor. The mentor would meet the unfulfilled need in each of these young lives as a guide, leader, teacher, and inspiration."
 "This mentoring/apprenticeship program would provide these youth with opportunities to:
 — Develop a positive and consistent relationship with a caring adult
 — Observe the world of work in an up-close and personal way, as they work in local businesses
 — Develop work ethics promptness, taking direction, following instructions, completing tasks, social interaction with coworkers and the public, phone etiquette and courtesy, neatness, acceptable personal appearance, etc.
 — Develop work skills — skills related to the assigned business location
 — Learn what it means to `go to work' and `earn' a living wage
 — Realize the value of education and that education is the key to getting a good job, ensuring a successful future"
Implicitly, this inquiry must be examined in light of La. Const. Art.VII, Sec. 14, which generally prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private."
A notable exception to the general prohibition established by Art. 14 is found at Art. VII, Sec. 14(B) which provides that nothing in Art. VII, Sec. 14 shall prevent "the use of public funds for programs of social welfare for the aid and support of the needy"
The Supreme Court has interpreted Art. VII, Sec. 14 to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. LouisianaMunicipal Management Agency, 439 So.2d 339 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City ofPort Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General Opinion No. 92-204. Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer of public funds. Attorney General Opinions Nos. 92-543, 92-494, 92 — 402, 92-204.
As noted in your correspondence, LSA-R.S. 33:7501 provides municipalities such as the City of Ville Platte with broad power and authority to provide for the support of the poor and necessitous within their respective jurisdictions. Pertinently, the powers bestowed upon Ville Platte by LSA-R.S. 33:7501, "[f]or the assistance of the unskilled poor, low-income persons; disadvantaged persons; unemployed persons [and] students from low-income families " include, but are not limited to, the power to establish programs for "employment and manpower training", and most pertinently, for "youth employment and activities".
In our opinion, LSA-R.S. 33:7501 provides clear authority for the City of Ville Platte to utilize public funds to establish an apprenticeship/internship program, as described above, for the assistance of at-risk youth within the City of Ville Platte. In order to assure compliance with La. Const. Art. VII, Sec. 14, we suggest that those youth who receive assistance through the City's program are screened, pursuant to objective criteria, to ensure that they are truly needy and at-risk.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance to you, the Mayor, or the City of Ville Platte in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: September 26, 2003