Dear Chief David:
This office is in receipt of your request for an Attorney General's Opinion regarding whether or not the Abbeville City Court can equip, or fund the equipping, of each of your patrol units with cameras, radar and other equipment. It is your position that the City Court would benefit financially from the installation of such equipment because the equipment would provide better evidence of illegal activities, particularly with regard to traffic violations, resulting in more convictions and the collection of a greater number of fines by the City Court.
Implicitly, this inquiry must be examined in light of La. Const. Art. VII, Sec. 14(A), which prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." The Supreme Court has interpreted Art. VII, Sec. 14(A) to be violated when the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v.Louisiana Municipal Management Agency, 439 So.2d 339 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204. Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer to public funds. Attorney General Opinion Nos. 92-543, 92-494, 92-402, 92-204.
The jurisprudence of this state also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See:James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), which interpreted La. Const. Art. IV, Sec.12, a provision almost identical to the present Art. VII, Sec. 14(A).
Of paramount importance are the provisions of La. Const. Art.1, Sec. 16, which pertinently provides that "Every person charged with a crime . . . is entitled to an impartial trial . . .", La. Const. Art. 1, Sec. 22, which states that "All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without . . . partiality . . .", and La. Const. Art. II, Sec. 2, which provides for the separation of *Page 2 
powers among our legislative, judicial and executive branches of government. La. Const. Art. II, Sec. 2 pertinently provides that ". . . no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others". In accordance with these constitutional provisions, the courts of this state are to sit as impartial arbiters of justice with respect to the cases brought before it. Accordingly, it is not the function of courts, as members of the judicial branch of government, to assist law enforcement agencies, members of the executive branch, in their efforts. In accord: Safety Net forAbused Persons v. Segura, 692 So.2d 1038 (La. 1997).
This office is supportive of all efforts to improve the quality of law enforcement, and we commend your efforts to try and improve the collection of evidence by your department. However, despite the fact that the improved law enforcement is a laudatory endeavor, we are unaware of, and our research did not reveal, any provision of law which would obligate or authorize the use of public funds entrusted to the City Courts, for the fair and impartial administration of justice and the proper operation of the courts, to be utilized for the enhancement of the your department's ability to collect evidence. To the contrary, the constitution prohibits the courts from engaging in such activities. Accordingly, it is the opinion of this office that the Abbeville City Court cannot equip, or fund the equipping, of Abbeville Police Department patrol units with cameras, radar and other equipment, even though the City Court would indirectly benefit financially thereby.
Our opinion herein is consistent with that expressed in Attorney General's Opinion No. 93-145, which determined that the City Court of Pineville did not have the obligation or authority to fund the operation of a criminal patrol unit (targeted to decrease substance abuse) under the authority of the Pineville Police Department. Also pertinent is Attorney General's Opinion No. 91-313 which determined that an intergovernmental agreement between a sheriff and a city court would have to have, as its basis, a legal obligation on each entity to do what the agreement implements, or the agreement would be ultra vires.
We trust the foregoing sufficiently addresses your inquiry. Should you need further assistance, please do not hesitate to contact us.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General